# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashad Williams,                          :
                        Petitioner         :
                                    :      No. 1149 C.D. 2019
                v.                     :
                                      :      Submitted:  January 17, 2020
Pennsylvania Board of                     :
Probation and Parole,                     :
                      Respondent        :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  April 24, 2020

          Rashad Williams (Williams) petitions for review[1] of the July 18, 2019 order of the Pennsylvania Board of Probation and Parole (Board),[2] which denied Williams's request for administrative relief from the Board's June 23, 2017 order. The Board concluded that it held a timely revocation hearing, properly recalculated Williams's maximum sentence date for his original offenses, and properly awarded Williams credit for time spent in custody.

---

[1] Williams petitioned for review as a *pro se* litigant; however, by Order dated September 11, 2019, this Court appointed Williams counsel to represent him in this matter.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

## Background

Williams is an inmate presently confined in State Correctional Institution (SCI)-Fayette. (Certified Record (C.R.) at 173.) Williams was initially incarcerated due to his guilty plea, dated October 27, 2010, to Criminal Conspiracy and Drug – Manufacture/Sale/Deliver or Possession with Intent, which resulted in a sentence of three to six years; and his guilty plea to the same charges, involving a different incident, dated June 28, 2011, which resulted in a sentence of two to four years (original offenses). (C.R. at 1.) The original minimum sentence date was June 28, 2013, and the original maximum sentence date was March 12, 2016. (C.R. at 1-2.) By decision recorded April 5, 2013, the Board granted Williams parole on his original offenses. (C.R. at 4-8.) Williams was released on parole on July 18, 2013. (C.R. at 8.)

While on parole, a criminal complaint was filed against Williams on May 16, 2015, by the Upper Darby Police Department in the Magisterial District Court 32-1-33 located in Delaware County. (C.R. at 12.) Williams was charged with the following offenses, (1) Rape by Forcible Compulsion, a first-degree felony; (2) Statutory Sexual Assault – 4-Years Older but Less than 8-Years old, a first-degree felony; (3) Involuntary Deviate Sexual Intercourse with a Child, a first-degree felony; (4) Sexual Assault, a second-degree felony; (5) Aggravated Indecent Assault Without Consent, a second-degree felony; (6) Indecent Assault Without Consent, a second-degree misdemeanor; (7) Indecent Assault – Less than 16-Years of Age, a second-degree misdemeanor; (8) Indecent Exposure, a first-degree misdemeanor; (9) Corruption of Minors, a third-degree felony; (10) Sexual Abuse of Children (Photograph/Film/Depict on Computer Sex Act – Knowingly or Permitting a Child), a second-degree felony; (11) Sexual Abuse of Children (Possession of Child

Pornography), a third-degree felony; (12) Criminal Use of a Communication Facility, a third-degree felony; and (13) Incest, a second-degree felony. (C.R. at 13-17.)

As a result of the Delaware County charges, on May 29, 2015, the Board issued a warrant to commit and detain Williams and he was thereafter taken into custody and placed in the Delaware County Prison. (C.R. at 20, 23.) On May 30, 2015, the Court of Common Pleas of Delaware County set bail at $500,000.00, but Williams did not post bail. (C.R. at 33.)

On June 17, 2015, the Board sent Williams notice of the charges against him with regard to his Delaware County case, notice of a detention hearing, and notice of his rights at Board hearings. (C.R. at 21-22.) That same day, Williams waived the right to a panel hearing, a detention hearing, and representation by counsel. (C.R. at 25, 26.) Thus, the Board issued a preliminary detention hearing report finding probable cause existed to detain Williams on the Delaware County charges and recommending that he be detained pending disposition of his criminal charges. (C.R. at 27-28.) By decision recorded July 23, 2015, the Board decided to detain Williams pending the disposition of the charges in his Delaware County case. (C.R. at 30.)

On September 3, 2015, while in the custody of the Delaware County Prison, Williams was arrested by the Philadelphia Police Department for conduct that he committed in Philadelphia County while on parole. (C.R. at 94.) Williams was charged with (1) Corruption of Minors, a third-degree felony; (2) Unlawful Contact with a Minor – sexual offenses, a third-degree felony; and (3) Indecent Assault Person Less than 13 Years of Age, a third-degree felony. (C.R. at 88, 94.) The Board lodged a warrant to commit and detain Williams on September 4, 2015. (C.R.

3

at 31.)  That same day, bail was set at $200,000.00 and Williams did not post bail. (C.R. at 88.)

On December 28, 2015, with respect to the Delaware County charges, Williams pled guilty to (1) Involuntary Deviate Sexual Intercourse with a Child, a first-degree felony; (2) Sexual Abuse of Children (Photograph/Film/Depict on Computer Sex Act – Knowingly or Permitting a Child), a second-degree felony; and (3) Incest, a second-degree felony.  (C.R. at 35, 38.)  Sentencing on the Delaware County case was deferred.  (C.R. at 38.)  On February 29, 2016, Williams waived his right to a revocation hearing, and a panel hearing, and the right to counsel and admitted that he pleaded guilty to the crimes identified above.  (C.R. at 39.)

The Board's hearing report, dated February 29, 2016, reflects that the Board did not give Williams credit for time spent at liberty on parole, and decided to recommit him as a convicted parole violator (CPV) to serve his unexpired term. (C.R. at 42, 44.)  By decision recorded April 14, 2016, the Board recommitted Williams to an SCI as a CPV, when available, to serve his unexpired term of 2 years, 7 months, and 22 days of backtime.  (C.R. at 68-69.)  On May 11, 2016, Williams was sentenced to 96 to 240 months of incarceration for his guilty plea in his Delaware County case.  (C.R. at 70.)  As of May 13, 2016, Williams was confined by the Department of Corrections at SCI-Graterford, but he was still being held on the arrest warrant for his Philadelphia County charges as he did not post bail that was set on September 4, 2015.  (C.R. at 76.)

Following trial in Williams's Philadelphia County case, on March 8, 2017, Williams was found guilty of (1) Corruption of Minors, a third-degree felony; and (2) Indecent Assault of a Person Less than 13 Years of Age, a third-degree felony.  (C.R. at 137-39.)  On April 27, 2017, the Board issued another warrant to

4

commit and detain Williams. (C.R. at 99.) Sentencing was deferred following Williams's conviction in his Philadelphia County case. (C.R. at 146.) On April 28, 2017, the Board executed a notice of charges and hearing notifying Williams of its intention to hold a hearing on May 9, 2017. (C.R. at 100.) By waiver executed May 9, 2017, Williams waived his right to counsel. (C.R. at 112.) A revocation hearing was held on May 9, 2017, at SCI-Fayette. (C.R. at 121.) There, Williams admitted that he was convicted in his Philadelphia County case. (C.R. at 126, Notes of Testimony (N.T.) at 6.) Williams testified that he was concerned that he had been confined without a revocation hearing being conducted within 120 days. (C.R. at 128, 131, N.T. 8, 11.) However, the hearing examiner pointed out that the date of Williams's Philadelphia County conviction was March 8, 2017, and the hearing was held approximately two months later on May 9, 2017. (C.R. at 131, N.T. 11.)

Following the hearing, the Board issued a hearing report which indicated that the date of Williams's verified conviction for the Philadelphia County offenses was March 29, 2017. (C.R. at 113.) The Board declined to give Williams credit for his time spent at liberty on parole and recommitted him as a CPV, when available, to serve his unexpired term pending sentencing in his Philadelphia County case. (C.R. at 115-16.) On June 9, 2017, Williams was sentenced in his Philadelphia County case to two to five years of confinement and two years of probation for each offense. (C.R. at 138-39.)

On June 15, 2017, the Board issued an order to recommit Williams to SCI-Graterford. (C.R. at 148.) The order reflects that when he was paroled on July 18, 2013, Williams's original maximum date was March 12, 2016, and thus, he owed 968 days toward his original sentence. *Id.* The order reflects that Williams's custody for return date was June 9, 2017, the same day he was sentenced in his Philadelphia

5

County case. *Id.* The Board gave Williams credit for one day of backtime for the period he was confined solely on the Board's detainer, from May 29, 2015, to May 30, 2015. *Id.* Using this information, the Board recalculated Williams's new maximum date to be February 1, 2020. *Id.* The Board mailed notice of the June 15, 2017 decision on June 23, 2017. (C.R. at 150-51.)

On July 3, 2017, Williams filed an administrative appeal purporting to challenge the recalculation of his original sentence, the timeliness of his revocation hearing, and the Board's authority to recalculate his sentence. (C.R. at 152-57.) The Board responded to the administrative appeal by letter mailed July 18, 2019, and affirmed the June 23, 2017 decision. (C.R. at 173.) The Board explained that Williams waived his right to a revocation hearing for his Delaware County case; the Board held a timely revocation hearing with regard to his Philadelphia County case; the Board had the authority to recommit Williams because he committed criminal offenses while on parole; the Board had the authority to recalculate, and properly recalculated his maximum sentence to February 1, 2020; and the Board correctly denied Williams credit for his time at liberty on parole. (C.R. at 173-75.) Williams appealed to this Court.

## Discussion

On petition for review,[3] Williams raises several issues including: (1) whether Williams's revocation hearing was held beyond the 120-day limit; (2) whether the Board abused its discretion by not awarding Williams credit for his time

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

6

in custody; and (3) whether the Board abused its power by recalculating Williams's new maximum date of February 1, 2020.

In support, Williams argues that his due process rights were violated because "the hearings were not conducted in a timely manner." (Williams's Br. at 10.) Williams also argues that his due process rights were violated because he was not given credit for his time spent in custody on the detainer lodged by the Board. Finally, Williams argues that his constitutional rights were violated when the Board "extended" his "[m]aximum [p]arole [d]ate to February 1, 2020." (Williams's Br. at 13.)

In response, the Board argues that it did not err in failing to hold a revocation hearing for Williams's Delaware County case because Williams waived his right to have a revocation hearing on February 29, 2016. Additionally, the Board argues that when Williams waived his right to a hearing, he also waived his right to challenge the timeliness of the hearing. The Board also argues that Williams's revocation hearing for the Philadelphia County case was held in a timely manner. The Board argues that it received official verification of the March 8, 2017 convictions in the Philadelphia County case on March 29, 2017, and held a hearing on May 9, 2017, which was well within the 120-day time period.

Additionally, the Board maintains that it had the authority to recalculate Williams's sentence because he was a CPV. The Board argues that Williams's convictions for Involuntary Deviate Sexual Intercourse With a Child; Photograph/Film/Depict on Computer a Sex Act – Knowingly or Permitting a Child; Corruption of Minors; and Indecent Assault of a Person Less than 16 Years of Age are convictions that fall within section 6138(a)(2.1)(i) of the Prisons and Parole

7

Code,[4] 61 Pa. C.S. §6138(a)(2.1)(i), which precludes the Board from awarding credit for time at liberty on parole. Because, Williams was precluded from receiving credit for his time at liberty on parole, the Board argues that it was required to and had the authority to extend his maximum date. We first turn to the question as to whether a timely revocation hearing was held.

**I.**     **Whether a revocation hearing was timely held with regard to Williams's Delaware County convictions.**

Williams appears to argue that a revocation hearing for his Delaware County case was untimely held on June 15, 2017, because he was convicted in his Delaware County case on May 11, 2016. This assertion is not in accord with the facts. Williams was actually sentenced in his Delaware County case on May 11, 2016. Further, although there was no revocation hearing held on June 15, 2017, we deduce that Williams refers to the May 9, 2017 hearing that occurred as a result of his conviction in his Philadelphia County case. We conclude that Williams waived his right to a revocation hearing and admitted his conviction in his Delaware County case, and thus, waived his right to challenge the timeliness of a hearing.

The Board's regulations provide that:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level . . .

37 Pa. Code §71.4(1). Nevertheless, a parolee may waive his right to a parole revocation hearing. *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013).

---

[4] 61 Pa. C.S. §§101-7123.

In *Fisher*, we unequivocally stated that "once a parolee waives his right to a parole revocation hearing, he is precluded from subsequently challenging the hearing's timeliness." 62 A.3d at 1075. Thus, under *Fisher*, where a parolee waives his right to a revocation hearing, he waives the right to challenge the timeliness of the hearing. Furthermore, in *Cartegena v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 418 C.D. 2016, filed January 12, 2017) (unreported),[5] where a petitioner similarly waived his right to a hearing, we explained:

> Here, the record indicates that the Board advised Petitioner on May 8, 2015, that it intended to conduct a revocation hearing. The same day, Petitioner admitted to being convicted of the new criminal charges, executed the Board's form, and waived his right to a revocation hearing. The form Petitioner executed expressly stated that he chose to take said action of his own free will, without promise, threat, or coercion. Therefore, pursuant to this Court's decision in *Fisher*, Petitioner is precluded from challenging the timeliness of his revocation hearing because he voluntarily waived his right to the same.

*Id*., slip op. at 7.

Likewise, here, on February 29, 2016, the Board notified Williams that it intended to hold a hearing on March 7, 2016. (C.R. at 38.) That same day, Williams waived his right to a revocation hearing, and a panel hearing, and the right to counsel and admitted that he pled guilty in his Delaware County case. (C.R. at 39.) The waiver form that Williams signed expressly stated that he waived his rights of his own free will, without any promise, threat, or coercion. Thus, like *Fisher* and

---

[5] *Cartegena* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

*Cartegena*, we conclude that Williams's revocation hearing waiver precludes him from challenging the hearing's timeliness. Moreover, there is no contention by Williams that he unknowingly or involuntarily waived his rights.[6]

**II.     Whether the Board held Williams's Philadelphia County case revocation hearing outside the 120-day time period.**

To the extent Williams argues that his revocation hearing with regard to his Philadelphia County case was held outside of the 120-day time period, we disagree. As we stated earlier, section 71.4(1) of the Board's regulations provides, "that a revocation hearing shall be held within 120 days from the date the Board received **official verification** of . . . the guilty verdict at the highest trial court level." 37 Pa. Code §71.4(1) (emphasis added). The facts demonstrate that Williams was returned to an SCI on May 13, 2016. (C.R. at 76.) Williams was subsequently found guilty of (1) Corruption of Minors – Defendant Age 18 or Above, a third-degree felony; and (2) Indecent Assault of a Person Less than 13 Years of Age, a third-degree felony, following a trial on March 8, 2017 in his Philadelphia County case. The Board received official verification of Williams's conviction for his Philadelphia County case on March 29, 2017. (C.R. at 113.) On April 28, 2017, the Board notified Williams of its intention to hold a hearing on May 9, 2017. (C.R. at 100.)

---

[6] With regard to a knowing and voluntary waiver of these rights, this Court has held:

> [i]n order to effectuate a knowing and voluntary waiver in [Board] cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. The waiver need not be effectuated in an "on the record colloquy." Rather, as here, execution of the Board's form is sufficient. *Prebella v. Pennsylvania [Board] of [Probation and] Parole,* 942 A.2d 257, 261 (Pa. Cmwlth. 2008) (citations omitted).

*Fisher*, 62 A.3d at 1075.

On May 9, 2017, Williams waived his right to counsel. (C.R. at 112.) A revocation hearing was held on May 9, 2017, at SCI-Fayette. (C.R. at 121.)

Section 71.4(1) of the Board's regulations requires that a hearing be held within 120 days of receipt of the official verification of the guilty verdict. The Board received official verification of the guilty verdict in the Philadelphia County case on March 29, 2017. The Board held a hearing on May 9, 2017. The time elapsed from the receipt of the verified guilty verdict and the date of the hearing was 41 days, which is indisputably within the 120-day time period prescribed by section 71.4(1) of the Board's regulations.

### III. Whether the Board erred in failing to give Williams credit for his time in custody.

Williams next contends that he was "entitled to credit against his state parole credit time for time he spent in custody on the detainer lodged by Pennsylvania." (Williams's Br. at 12.) In *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007), this Court pointed out that "[t]he general rule governing the allocation of credit for time served awaiting disposition of new criminal charge[s] was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole* . . ., 412 A.2d 568 ([Pa. ]1980)." This Court explained that "'time spent in custody pursuant to a detainer warrant shall be credited to a [CPV's] original term . . . only when the parolee was eligible for and had *satisfied bail requirements for the new offense* and thus remained incarcerated only by reason of the detainer warrant lodged against him.'" *Armbruster*, 919 A.2d at 352 (emphasis in original) (quoting *Gaito*, 412 A.2d at 571).[7]

---

[7] The Pennsylvania Supreme Court's decision in *Gaito* has been subject to multiple interpretations since it was decided in 1980. However, recently in *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 768-69 (Pa. 2017), our Supreme Court affirmed that "*Gaito*
**(Footnote continued on next page…)**

11

The facts of the instant matter reflect that Williams was charged in the Delaware County case for numerous offenses on May 16, 2015. (C.R. at 13-17.) Subsequently, on May 29, 2015, the Board issued a warrant to commit and detain Williams and he was taken into custody and placed in Delaware County Prison. (C.R. at 20, 23.) On May 30, 2015, the Court of Common Pleas of Delaware County set bail, and he did not post bail. (C.R. at 33.) On September 3, 2015, while in the custody of both the Board and Delaware County, Williams was arrested by the Philadelphia Police Department for additional sexual offenses. (C.R. at 88, 94.) The Board lodged another warrant to commit and detain Williams on September 4, 2015. (C.R. at 31.) Williams again did not post bail. (C.R. at 88.) On December 28, 2015, Williams pled guilty in the Delaware County case, and was subsequently sentenced to 96 to 240 months' confinement on May 11, 2016. (C.R. at 35, 38, 70.) As of May 13, 2016, Williams was confined by the Department of Corrections and still being held by Philadelphia County pending disposition of his Philadelphia County charges. (C.R. at 76.) Thereafter, on March 8, 2017, following a trial, Williams was found guilty with regard to his Philadelphia County case. (C.R. at 137-39.) Sentencing was deferred for the Philadelphia County conviction until June 9, 2017. (C.R. at 146.) On April 27, 2017, the Board issued another warrant to commit and detain Williams.

---

**(continued…)**

remains the general law in this Commonwealth respecting how credit should be allocated for a CPV who receives a new sentence of incarceration. . . ." *See also Lockhart v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1123 C.D. 2018, filed Aug. 13, 2019) (unreported) slip op. 4-6 (explaining the law of *Gaito* and its progeny, specifically, *Smith*, 171 A.3d 759, *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), and *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014)). We need not discuss these other cases in detail as this case concerns the application of the "general" rule articulated under *Gaito* and confirmed in *Smith*.

(C.R. at 99.) The Board's order to recommit, dated June 15, 2017, indicates that Williams's custody for return date was also June 9, 2017, the same day he was sentenced. (C.R. at 148.)

Williams was released on parole on July 18, 2013, from his original convictions. (C.R. at 8.) As of July 18, 2013, Williams's maximum date was March 12, 2016. (C.R. at 1-2.) Thus, when paroled on July 18, 2013, Williams owed 968 days on his original sentence. The record reflects that from May 29 until May 30, 2015, Williams was confined solely on the Board's detainer. Accordingly, the Board awarded Williams credit toward his original sentence for the one day he was confined solely on the Board's detainer. *See* C.R. at 148. However, except for this single day, the record shows that, prior to Williams's custody return date, there was not a time period in which Williams was confined solely on the Board's detainer. Thus, under *Gaito*, Williams was not entitled to credit on his original sentence, and the Board's conclusion that Williams has 967 days left to serve on his original sentence is correct.

Moreover, to the extent Williams argues he was entitled to credit for time he was at liberty on parole, we disagree. Section 6138(a)(2.1)(i) of the Parole Code provides, in full, that

> [t]he board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [section 9714(g) of the Judicial Code,] 42 Pa.C.S. §9714(g). . . .

61 Pa.C.S. §6138(a)(2.1)(i). Section 9714(g) of the Judicial Code defines "rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, [and]

13

sexual assault" as crimes of violence. 42 Pa.C.S. §9714(g). On December 28, 2015, Williams pled guilty to Involuntary Deviate Sexual Intercourse with a Child, Sexual Abuse of Children (Photograph/Film/Depict on Computer Sex Act – Knowingly or Permitting a Child), and Incest. Involuntary Deviate Sexual Intercourse and Incest are defined by section 9714(g) as crimes of violence, and therefore, under section 6138(a)(2.1)(i), the Board was *precluded* from awarding Williams credit. Thus, Williams was not entitled to credit for his time spent at liberty on parole. *See*, *e.g.*, *Johnson v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1727 C.D. 2015, filed Apr. 29, 2016) (unreported), slip op. at 2 n.1 ("We note that because Petitioner pled guilty to the crimes of third-degree murder and robbery, which are statutorily[]defined 'crimes of violence,' the Board had no discretion to award Petitioner credit for time spent at liberty on parole." (citing 61 Pa. C.S. §6138(a)(2.1)(i))).

IV. **Whether the Board erred in recalculating Williams's maximum date on his original sentence to February 1, 2020.**

Lastly, Williams argues that his rights were violated when the Board "extended" his maximum parole date to February 1, 2020. We disagree.

Section 6138(a)(2) provides that "[i]f the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted"; this provision, of course, requires the Board to recalculate a sentence. 61 Pa.C.S. §6138(a)(2).[8] The Board's recalculation of a parolee's maximum sentence is not a

---

[8] *See*, *e.g.*, *Harris v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 831 C.D. 2019, filed Dec. 17, 2019), slip op. at 6 (unreported) ("The Board may not alter the **length** of a judicially imposed sentence; however, it is authorized by section 6138(a)(2) of the Code to reenter **(Footnote continued on next page…)**

14

modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 845-48 (Pa. 1979). Moreover, the Board does not "usurp[ ] the judicial function of sentencing" when it requires parolees to "serve the unexpired balance of [their] original maximum sentence." *Gaito*, 412 A.2d at 570. "In such circumstances, the Board is not altering the maximum **length** of a parolee's sentence, only the maximum **date** of the sentence." *Harris*, slip op. at 6 (emphasis in original). Thus, the Board did not err in recalculating Williams's maximum date to February 1, 2020.

## Conclusion

Contrary to Williams's assertions, the Board did not err in failing to hold a revocation hearing within 120 days in Williams's Delaware County case; the Board held a revocation hearing with regard to Williams's Philadelphia County case in a timely manner; the Board did not err in not awarding Williams credit for his time while in custody or while at liberty on parole; and the Board did not err in recalculating Williams's original maximum date to February 1, 2020.

Accordingly, we affirm the decision of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

---

**(continued…)**

parolees into SCIs to serve **the remainder of the term** they would have been required to serve **had they not been paroled**." (citing 61 Pa. C.S. §6138(a)(2)) (emphasis in original)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rashad Williams,                           :
          Petitioner                 :
                                     :  No. 1149 C.D. 2019
          v.                         :
                                     :
Pennsylvania Board of                      :
Probation and Parole,                      :
          Respondent                 :

## _**ORDER**_

AND NOW, this 24th day of April, 2020, the decision of the Pennsylvania Board of Probation and Parole mailed July 18, 2019 is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge