Omar FISHER, Petitioner

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 1, 2013.

Decided Feb. 20, 2013.

Omar Fisher, pro se.

Chad L. Allensworth, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge COVEY.

Omar Fisher (Fisher) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 18, 2012 denial of his petition for administrative appeal. There are four issues for this Court's review: (1) whether by waiving his right to a revocation hear-

ing, Fisher also waived his right to later allege that the Board violated his due process rights by not scheduling a revocation hearing within 120 days; (2) whether the Board retained jurisdiction over Fisher during the time he was housed in a federal correctional institution; (3) whether the Board violated Fisher's due process rights by failing to schedule a revocation hearing within 120 days of his transfer back to a state correctional facility; and, (4) whether the Board abused its discretion by imposing a period of backtime exceeding the maximum presumptive range without providing sufficient written justification. We affirm.

Fisher was serving a 5 to 10-year sentence for robbery and criminal conspiracy when he was released on parole on May 15, 2001, with a maximum release date of December 29, 2005. On July 26, 2004, a parole officer discovered that Fisher had a large amount of money in his possession. During a search of Fisher's home, an additional large amount of money, three handguns, and two plastic baggies containing small plastic baggies of a white chunky substance were discovered in his bedroom. Fisher was arrested by Philadelphia police on drug and firearm possession charges. On that same day, the Board arrested Fisher for parole violations, and he was detained at the State Correctional Institution (SCI) at Graterford pending disposition of the criminal charges. On July 19, 2005, federal authorities indicted Fisher for possession with intent to distribute more than 5 grams of cocaine base (crack), possession with intent to distribute cocaine, possession of a firearm in furtherance of a drug trafficking crime, and as a felon in possession of a firearm and ammunition.

The state criminal charges were dropped on July 28, 2005, in lieu of the federal charges. On August 11, 2005, Fisher was transferred from SCI–Graterford to a federal detention center and remained there until he was returned to state custody at SCI–Somerset on December 27, 2005. On that same date, the Board lifted its detainer, and Fisher was released from his state sentence.

On January 29, 2007, Fisher was found guilty in federal court of three of the four criminal charges against him. On April 23, 2007, Fisher was sentenced to serve 151 months in prison, with 10 years of supervised release. The Board received official verification of Fisher's federal conviction on May 18, 2007. On October 22, 2008, while Fisher was serving his federal sentence, the Board issued a warrant to arrest and detain him as a convicted parole violator based on his federal convictions.

By October 26, 2011 notice, the Federal Bureau of Prisons notified the Board that Fisher's federal sentence had been reduced, and that his September 14, 2014 release date was changed to November 1, 2011. The notice further provided that specific arrangements would have to be made to transfer custody since, despite the Board's detainer, because Fisher was serving his federal sentence outside Pennsylvania, extradition requirements would not allow for Fisher to be released directly to the Board. On November 8, 2011, Fisher waived extradition and consented to be returned to state custody. He was returned to Pennsylvania on November 15, 2011.

On December 9, 2011, Fisher signed a Waiver of Revocation Hearing and Counsel/Admission Form (Form), thereby admitting that he committed and was convicted of the federal offenses while on parole, and waiving his right to a parole revocation hearing and counsel at the hearing, "[w]ith full knowledge and understanding" of his rights. Certified Record (C.R.) at 45. The Form reflects that Fish-

er understood that his admission could be withdrawn within 10 calendar days. By notice issued March 15, 2012, the Board recommitted Fisher "as a convicted parole violator to serve his unexpired term of 3 years, 6 months, 29 days," making his new parole maximum date June 1, 2015. C.R. at 50. Fisher filed an administrative appeal with the Board, arguing that he was not given a timely parole revocation hearing and that his recommitment term was excessive. On May 18, 2012, the Board denied his appeal and affirmed the Board's decision. Fisher appealed to this Court.[1]

Fisher first argues that although he waived his right to a revocation hearing on December 9, 2011, he did not expressly waive his right to later allege that the Board failed to timely schedule a revocation hearing. We disagree.

■ Section 71.4 of the Board's Regulations, 37 Pa.Code § 71.4, states in pertinent part:

(1) A revocation hearing shall be held within 120 days from the date the Board received official verification . . . of the guilty verdict at the highest trial court level except as follows:

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as . . . confinement in a Federal correctional institution . . . **where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120**

days of the official verification of the return of the parolee to a State correctional facility.

(Emphasis added). Based upon the express provisions of Section 71.4(1) of the Board's regulations, Fisher waived his right to challenge the timeliness of his revocation hearing when he expressly waived his right to have a hearing in the first place.

This Court has held:

[i]n order to effectuate a knowing and voluntary waiver in [Board] cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form. The waiver need not be effectuated in an 'on the record colloquy.' Rather, as here, execution of the Board's form is sufficient.

*Prebella v. Pennsylvania Bd. of Prob. & Parole*, 942 A.2d 257, 261 (Pa.Cmwlth. 2008) (citations omitted). Moreover, in *Baxter v. Pennsylvania Board of Probation and Parole* (Pa.Cmwlth. No. 12 C.D. 2011, filed February 24, 2012),[2] this Court specifically held that once a parolee waives his right to a parole revocation hearing, he is precluded from subsequently challenging the hearing's timeliness.

■ Here, Fisher does not challenge the validity of his waiver, only its effect. It is undisputed that Fisher executed a waiver "of [his] rights to a parole revocation hearing." C.R. at 45. The waiver of the right to a hearing necessarily encompasses the right to advance claims of error

---

1. Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated. *McNally v. Pennsylvania Bd. of Prob. & Parole*, 940 A.2d 1289 (Pa.Cmwlth.2008).

2. Section 414 of this Court's Internal Operating Procedures authorizes the citation of unreported panel decisions issued after January 15, 2008, for their persuasive value, but not as binding precedent.

he could have raised at the hearing. As in *Baxter*, we likewise hold that when he waived his right to a revocation hearing on December 9, 2011, he expressly waived his right to later allege that the Board failed to timely schedule a revocation hearing.[3]

Fisher next argues that the Board abused its discretion by imposing a period of backtime exceeding the maximum presumptive range without providing sufficient written justification. Fisher specifically contends that his drug violations would not have warranted 10-year sentences and, ultimately, his federal sentence was reduced from 151 to 120 months, so his crimes should have been graded under the lowest presumptive recommitment range of 9 to 15 months. We disagree.

Section 75.1 of the Board's Regulations, 37 Pa.Code § 75.1, addresses presumptive ranges for calculating backtime for convicted parole violators as follows:

(a) Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a convicted parole violator after the appropriate revocation hearing.

(b) The presumptive ranges of parole backtime are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision.

(c) The Board may deviate from the presumptive range or determine that recommitment should not occur, provided written justification is given.

(d) The presumptive ranges are intended to directly relate to the severity of the crime for which the parolee has been convicted.

(e) The severity ranking of crimes listed in § 75.2 (relating to presumptive ranges for convicted parole violations) is not intended to be exhaustive, and **the most closely related crime category in terms of severity and the presumptive range will be followed if the specific crime which resulted in conviction is not contained within the listing.**

(Emphasis added).

Here, Fisher was recommitted by the Board based upon his federal convictions for possession with intent to distribute more than 5 grams of cocaine base (crack), possession with intent to distribute cocaine, and a felon in possession of a firearm and ammunition. Pursuant to Section 75.1(e) of the Board's Regulations, the Board deemed a violation of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act)[4] the most closely related crime category to the felon in possession of a firearm and ammunition charge. Section 75.2 of the Board's Regulations provides that **any** violation of the Uniform Firearms Act has an 18 to 24-month presumptive range. The Board deemed Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (the Controlled Substance Act)[5]

3. In light of this holding, this Court need not address whether the Board retained jurisdiction over Fisher during the time he was housed in a federal correctional institution, nor whether the Board violated Fisher's due process rights by failing to schedule a revocation hearing within 120 days of his transfer back to a state correctional facility.

4. 18 Pa.C.S. §§ 6101–6162.

5. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(30). Section 13(a) provides in relevant part:

The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a con-

the most closely related crime category to the possession with intent to distribute more than 5 grams of cocaine base (crack) and possession with intent to distribute cocaine charges. According to Section 13(f)(1.1) of the Controlled Substance Act, 35 P.S. § 780–113(f)(1.1), a violation of Section 13(a)(30) carries a maximum prison term of 10 years. Pursuant to Section 75.2 of the Board's Regulations, 37 Pa. Code § 75.2, "Drug Law Violations" categorized as "Felony with **Statutory Maximum of 10 years**" have an 18 to 24–month presumptive range. (Emphasis added). Thus, notwithstanding Fisher's argument that, under Pennsylvania's law, he **may** have received sentence on the lower range for his drug violations, or that his federal sentence was ultimately reduced, because Section 75.2 of the Board's Regulations is based upon statutory maximum sentences, each charge carries an 18 to 24–month presumptive range.

Based on the above, Fisher's presumptive range maximum is 72 months. Here, the Board recommitted Fisher for approximately 43 months (3 years, 6 months and 29 days), which is well within the presump-

tive range. Our Supreme Court has held that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." *Smith v. Pennsylvania Bd. of Prob. & Parole,* 524 Pa. 500, 504, 574 A.2d 558, 560 (1990). Accordingly, the Board properly imposed a period of backtime within the maximum presumptive range.

For all of the above reasons, the Board's order is affirmed.

## *ORDER*

AND NOW, this 20th day of February, 2013, the Pennsylvania Board of Probation and Parole's May 18, 2012 order is affirmed.

trolled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State

board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.