# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Echols,                                          :
                    Petitioner                        :
                                                      :
             v.                                       :    No. 160 C.D. 2015
                                                      :    SUBMITTED:  September 4, 2015
Pennsylvania Board of Probation                       :
and Parole,                                           :
                    Respondent                        :


BEFORE:      HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE LEADBETTER                          FILED:  November 3, 2015


Troy Echols petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal from the recommitment order issued as a result of his new convictions.  We affirm.

In 2004, Echols pled guilty in the Court of Common Pleas of Philadelphia County to a drug-related crime.  Certified Record (C.R.), Item No. 1 at 1.  Pursuant to a sentence of five to ten years, he was incarcerated with an original parole minimum date of February 28, 2009 and a maximum date of February 28, 2014.  *Id.*  In June 2010, Echols was released on parole, subject to certain conditions.  *Id.*, Item No. 2 at 9-11.  In August 2013, the Philadelphia Police Department arrested him for attempt to commit murder, aggravated assault,

possession of an instrument of crime, simple assault and recklessly endangering another person. *Id*., Item No. 4 at 18-31. There were two victims and two Philadelphia County criminal docket numbers. *Id*., Item Nos. 4 and 9 at 21, 27 and 50. Initially, Echols did not post bail on the new criminal charges. In August 2013, the Board lodged a warrant to commit and detain against Echols. *Id*., Item No. 3 at 17. Although common pleas granted Echols ROR (release on recognizance) bail in September 2013, he remained confined on the Board's detainer at that time. *Id*., Item No. 4 at 21 and 27. In October 2013, the Board detained Echols pending disposition of the August 2013 criminal charges. *Id*., Item No. 6 at 37.

In March 2014, the Board declared Echols delinquent for control purposes because he had reached his original parole maximum date of February 28, 2014. *Id*., Item No. 8 at 43. Common pleas reinstated bail against him in March 2014, and on June 5, 2014, he was convicted of the new criminal charges. *Id*., Item Nos. 11 at 62-64 and 74-75. In July 2014, the Board re-lodged its detainer against him and in August 2014, common pleas sentenced him to serve a minimum of eight years and a maximum of twenty years imprisonment in a state correctional institution. *Id*. at 63-64 and 75.

In July 2014, Echols signed the Board's notice of charges and hearing, thereby acknowledging his new criminal convictions. *Id*., Item No. 9 at 45. He also signed a waiver of his right to representation of counsel and waiver to his right to a revocation hearing, which also included an admission to his new convictions. *Id*., Item No. 10 at 59. In October 2014, the Board ordered that Echols be recommitted to a state correctional institution as a convicted parole violator to serve an unexpired term of three years and three days backtime, with a new parole

maximum date of September 22, 2017. *Id*., Item No. 11 at 87. Echols sought administrative relief, which was denied in January 2015. *Id*., Item No. 12 at 98-100. In February 2015, he filed a *pro se* petition for review, seeking review of the Board's decision. Subsequently, a member of the Fayette County Public Defender's Office entered an appearance on Echol's behalf as his court-appointed counsel.

On appeal, Echols first argues that the revocation hearing was not held in compliance with 37 Pa. Code § 71.4, which, in relevant part, requires the Board to hold a hearing within 120 days from the date it receives "official verification of the . . . guilty verdict at the highest trial court level . . . ." Here, the Board received official verification of Echol's June 5, 2014 conviction on July 23, 2014, and held the revocation hearing on August 12, 2014. *Id*., Item Nos. 9 and 10 at 47 and 51. In this regard, we are somewhat perplexed by Echols's argument that the 120-day requirement was not satisfied.[1] In any event, Echols signed a waiver of his right to a revocation hearing on July 25, 2014. *Id*., Item No. 10 at 59. In addition, he failed to raise a timeliness issue in his request for administrative relief, thereby waiving his right to raise that issue on appeal.[2] *Id*., Item No. 12 at 91-95. Accordingly, his timeliness argument is without merit.

---

[1] Court-appointed counsel for Echols asserts that the Board held the revocation hearing on September 26, 2014. Echols's Brief at 11. The record, however, indicates that a hearing was held on August 12, 2014, and that the Board rendered its recommitment decision on September 26, 2014. C.R., Item Nos. 10 and 11 at 51 and 85-87. In any event, even taking September 26 as the hearing date, the hearing was held well within 120 days of July 23, when the Board received official verification of Echol's June 5 conviction.

[2] Rule 1551(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1551(a); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

3

Echols next argues that the Board miscalculated his credit and abused its power when recalculating his new parole violation maximum date. Where a parolee is afforded a post-recommitment opportunity to contest the Board's recomputation of the maximum term expiration date, procedural due process is satisfied. Here, Echols elected not to pursue the administrative appeal process in that he waived his parole revocation hearing and, consequently, that portion of the hearing dealing with the amount of backtime owed in the event that he was recommitted as a convicted parole violator. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013) (waiver necessarily encompasses the right to advance a claim of error that the offender could have raised at the hearing).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Troy Echols, :
     Petitioner :
          :
     v. : No. 160 C.D. 2015
          :
Pennsylvania Board of Probation :
and Parole, :
     Respondent :

### **O R D E R**

   AND NOW, this 3rd day of November, 2015, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

           _____
           **BONNIE BRIGANCE LEADBETTER,**
           Judge