IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman P. Zalewski,                          :
                        Petitioner          :
                                            :
        v.                                  :
                                            :
Pennsylvania Board of                       :
Probation and Parole,                       :       No. 836 C.D. 2018
                        Respondent          :       Submitted: November 22, 2019


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  April 20, 2020


        Roman P. Zalewski (Zalewski) petitions for review from the May 24, 2018 order of the Pennsylvania Board of Probation and Parole (Board) denying Zalewski's request for administrative relief that challenged, in part, the recalculation of his parole violation maximum sentence date.[1]  As provided herein, we affirm.

        On May 31, 2011, the Board released Zalewski on parole after serving time in a state correctional institution (SCI) on his original sentence of two years, three months to six years for a drug-related crime with a maximum sentence date of

_____

[1] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

September 23, 2015. Certified Record (C.R.) 1-2 & 8. On April 22, 2013, the Board detained Zalewski for technical parole violations, and by order mailed June 20, 2013, the Board recommitted him as a technical parole violator (TPV) to an SCI/contracted county jail to serve six months. *Id*. at 9-14.

On October 22, 2013, the Board reparoled Zalewski. C.R. 17. While on parole, the Spring Township police, located in Berks County, arrested Zalewski and charged him with new crimes including aggravated assault, simple assault, and harassment. *Id*. at 21-26. Zalewski posted bail on the new charges, *id*. at 88, and the Board declared him delinquent effective June 17, 2015. *Id*. at 27. On June 22, 2015, the Board detained Zalewski; he subsequently admitted to the technical parole violations and waived his right to counsel and to the violation and detention hearings. *Id*. at 28-40. The Board, by order mailed July 16, 2015, recommitted Zalewski as a TPV pending disposition of his criminal charges. *Id*. at 47-49. The Board further ordered Zalewski to serve his unexpired term of 98 days and recalculated his maximum sentence date to September 28, 2015.[2] *Id*.

On May 1, 2017, the Court of Common Pleas of Berks County, Criminal Division, sentenced Zalewski to, in relevant part, a term of 30 months to 60 months in an SCI as a result of his guilty plea to aggravated assault, with an effective sentence date of May 15, 2017. *Id*. at 57-58. On May 18, 2017, the Board detained Zalewski on the new crime, *id*. at 63, and he subsequently waived his right to a revocation hearing and "acknowledged" his new criminal conviction. *Id*. at 64-74. The Board, by order mailed July 14, 2017, recommitted Zalewski to an SCI as a convicted parole violator (CPV) to serve 24 months concurrently (to the previously

---

[2] To arrive at the new maximum date, the Board added 98 days to June 22, 2015, the day the Board detained Zalewski. C.R. 49.

2

imposed 98 days) for a total of 24 months' backtime on his original sentence.[3]  *Id.* at 121-24.  The Board further found Zalewski not eligible for reparole until February 12, 2019 and recalculated his maximum sentence date to December 3, 2020.[4]  *Id.*

On August 14, 2017, Zalewski, *pro se*, filed an administrative remedies form with the Board challenging his reparole eligibility date and sentence credit. C.R. 125.  Zalewski argued that the Board "rendered a decision based on inaccurate, incomplete information."  *Id.*  Additionally, Zalewski provided facts related to the events leading to his arrest and second conviction, and requested "mercy."  *Id.* at 125-26.  The Board denied Zalewski's request for relief and, by letter mailed May 24, 2018, affirmed its July 14, 2017 decision explaining:

> The record in this matter reveals that you were convicted in a court of record, of crimes that are punishable by imprisonment, which you committed while at liberty on parole.  The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law.  37 Pa. Code § 73.1(a)(2).  The record in this matter establishes that the Board's decision is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

---

[3] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled."  37 Pa. Code § 61.1.

[4] To reach the new maximum sentence date, the Board took Zalewski's original maximum sentence date, September 23, 2015, and subtracted from it the days he served before he was reparoled on October 22, 2013 to reach a total of 701 days remaining on his original sentence. C.R. 123.  The Board then added the 692 days that Zalewski spent at liberty on parole, from May 31, 2011 to April 22, 2013, to reach a total of 1,393 days still owed.  *Id.*  From the 1,393 days, the Board subtracted 98 days for backtime served to arrive at 1,295 days owed.  *Id.*  The Board next counted 1,295 days from May 18, 2017, when Zalewski was taken into custody as a CPV, to reach a new maximum sentence date of December 3, 2020.  *Id.*

3

*Id*. at 129. On June 20, 2018, Zalewski petitioned this Court for review of the Board's decision.

On October 10, 2018, Zalewski's counsel, Kent D. Watkins, Esquire (Counsel), filed an application to withdraw and a no-merit letter with this Court. In *Zalewski v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 836 C.D. 2018, filed February 26, 2019), this Court denied Counsel's request to withdraw and ordered Counsel to file a brief addressing the merits and whether our decision in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), had any bearing on the Board's calculation of Zalewski's maximum sentence date. In *Penjuke*, this Court held that the Board cannot revoke the credit that a parolee has been granted in a previous parole that resulted in a recommitment as a TPV. *Id*. at 420. Counsel filed his brief, and the Board responded with its brief.

Before this Court, the Board agrees that *Penjuke* required it to credit Zalewski with 692 days of street time that it awarded him as a TPV in a prior parole recommitment, from May 31, 2011 to April 22, 2013, *see supra* note 4, when it recalculated his maximum sentence date. Board's Brief at 6-7. *See also Kazickas v. Pa. Bd. of Prob. & Parole*, ___ A.3d ___ (Pa. Cmwlth., No. 214 C.D. 2019, filed Feb. 7, 2020) (explaining that *Penjuke* does not allow Board to reach back into past periods of parole and forfeit street time credited to parolee in prior parole period). To remedy this error, the Board asserts that it issued a new decision on September 24, 2019, modifying its May 24, 2018 decision and awarding Zalewski 692 days of credit. Board's Brief at 7. Because the Board credited Zalewski with the 692 days of credit, there is only one argument remaining for this Court to address.

4

Zalewski contends that the Board abused its discretion when it recalculated his maximum sentence date because it failed to give him credit for all time served in good standing on parole. Zalewski's Brief at 10. Specifically, Zalewski seeks credit for 603 days between his release on October 22, 2013 and June 17, 2015 when the Board declared him delinquent as a result of being charged with new crimes. *Id.* We agree with the Board that Zalewski is not entitled to credit for this time.

Section 6138(a)(1)-(2) of the Prisons and Parole Code (Parole Code) provides that if the Board orders recommitment as a CPV, the parolee shall be reentered to serve the "remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(1)-(2). The Board may, however, in its discretion, award credit to a CPV for time spent at liberty on parole, unless the offender is convicted of certain offenses. 61 Pa.C.S. § 6138(a)(2.1). These offenses include a crime committed during the period of parole that is a crime of violence as defined in Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g). *Id.* A crime of violence expressly enumerated is aggravated assault. *See* 42 Pa.C.S. § 9714(g) (defining "crime of violence" to include "aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2)"). Here, Zalewski was convicted of aggravated assault pursuant to 18 Pa.C.S. § 2702(a)(1), which is a crime of violence expressly enumerated in 42 Pa.C.S. § 9714(g). C.R. 57-58. Because Zalewski was convicted of a crime of violence, the Board could not grant him credit for the time he spent at liberty on parole during this parole period and, therefore, committed no error.

Based on the foregoing, we affirm the order of the Board recalculating Zalewski's maximum sentence date.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roman P. Zalewski,                                    :
                        Petitioner                    :
                                                      :
            v.                                        :
                                                      :
Pennsylvania Board of                                 :
Probation and Parole,                                 :    No. 836 C.D. 2018
                        Respondent                    :

# O R D E R

AND NOW, this 20th day of April, 2020, the Pennsylvania Board of Probation and Parole's May 24, 2018 order, as modified by its September 24, 2019 order, is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge