IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Frank Monek,               :
         Petitioner         :
                       :
       v.                :
                       :
Pennsylvania Board of      :
Probation and Parole,       :   No. 325 C.D. 2019
         Respondent    :   Submitted:  December 6, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED:  April 27, 2020

John Frank Monek (Monek), *pro se*, petitions for review from the February 15, 2019 order of the Pennsylvania Board of Probation and Parole (Board) denying Monek's request for administrative relief that challenged the Board's decision recorded May 11, 2018 and mailed May 16, 2018 (the Board Decision), recommitting Monek as a technical parole violator.  For the following reasons, we affirm the order of the Board.

On September 15, 2015, Monek was sentenced to two terms of three to seven years' incarceration for Criminal Trespass and Aggravated Harassment By a Prisoner.  *See* Sentence Status Summary, Certified Record (C.R.) at 1-3.  On May 26, 2016, Monek was granted parole subject to multiple Conditions Governing Parole/Reparole (Conditions of Parole), which conditions Monek acknowledged by

signing the Conditions of Parole prior to his release. *See* Conditions of Parole, C.R. at 8-10. The Conditions of Parole required Monek, among other things, to: (1) reside in an approved residence not to be changed without written permission of parole supervision staff (Condition 2); (2) maintain regular contact with parole supervision staff by reporting regularly as instructed and following written instructions of the Board or parole supervision staff (Condition 3(a)); and (3) comply with special conditions imposed by the Board or parole supervision staff (Condition 7). *See id.* Included among Monek's special conditions of parole were the additional requirements that he "not consume or possess alcohol under any condition for any reason[,]" and "not enter establishments that sell or dispense alcohol except as approved by parole supervision staff." Condition 7, C.R. at 9. Monek was ultimately released on parole on September 6, 2016. *See* Notice of Board Decision dated June 3, 2016, C.R. at 4-6.

After failing to report to his parole agent as instructed, Monek was declared delinquent from parole effective November 8, 2017. *See* Board Administrative Action recorded Nov. 28, 2017, C.R. at 12; Notice of Charges and Hearing executed Dec. 13, 2017, C.R. at 19-20. A warrant issued and Monek was arrested on December 5, 2017. *See* Warrant to Commit and Detain dated Dec. 5, 2017, C.R. at 13; Technical Violation Arrest Report executed Dec. 13, 2017, C.R. at 22-23. Monek waived his right to counsel and his revocation hearing and admitted to three technical parole violations. *See* Waiver of Violation Hearing and Counsel/Admission Form executed Dec. 20, 2017, C.R. at 15. As a result, Monek was detained in a Parole Violator Center until February 2018. *See* Order to Cancel Warrant to Commit and Detain dated Feb. 1, 2018, C.R. at 28.

2

On February 1, 2018, Monek completed his time in the Parole Violator Center and was transferred to the Self-Help Community Corrections Facility in Philadelphia (Self-Help). *See* Supervision History executed Apr. 4, 2018 (Supervision History), C.R. at 57. On February 28, 2018, parole authorities presented Monek with an additional special condition of parole that instructed, in pertinent part:

> Upon your release from Self[-]Help you must immediately report to Keystone Correctional [Facility,] 7201 Allentown Blvd[.] Harrisburg, PA[,] 17112[,] (717) 651-0340. No side trips.
>
> Failure to report will be [a] violation of parole.

Special Condition of Parole dated Feb. 28, 2018 (Special Condition), C.R. at 29. Monek refused to sign the Special Condition, but makes no contention that he did not receive or review it or that he was otherwise unaware of the Special Condition or its contents.

Monek did not report to the Keystone Correctional Facility upon his release from Self-Help on March 1, 2018. *See* Supervision History, C.R. at 57. Accordingly, Monek was declared delinquent effective March 1, 2018. *Id.* On March 10, 2018, the Elizabethtown Police Department arrested Monek on the new criminal charges of Driving Under the Influence of Alcohol and False Identification to Law Enforcement. *See id.*; *see also* Criminal Complaint filed Mar. 12, 2018, C.R. at 31-35. The Board lodged a detainer against Monek for the new criminal charges and violations of Conditions 2 and 7, for changing his approved residence without permission and for failing to comply with the Special Condition to report to

Keystone Correctional Facility, respectively. *See* Warrant to Commit and Detain dated Mar. 11, 2018, C.R. at 30.

The Board conducted a parole violation hearing on April 6, 2018. *See* Violation Hearing Notes of Testimony, Apr. 6, 2018 (N.T. 4/6/2018), C.R. at 65-96. On May 11, 2018, based on admissions made by Monek during the hearing, the hearing examiner found substantial evidence of the alleged violations existed, and Monek was recommitted as a technical parole violator for a period of six months. *See* Violation Hearing Report, C.R. at 43-50; *see also* Board Decision, C.R. at 102-04.

On May 16, 2018, Monek filed an administrative appeal of the Board Decision. *See* Administrative Remedies Form (Administrative Appeal), C.R. at 105-09. In his administrative appeal, Monek argued that the Board improperly imposed the Special Condition and that the Board improperly revoked his parole for technical violations because substantial evidence had not been put forth to support a revocation. *Id.* He further claimed that his rights to due process were violated by parole agents who allegedly fabricated evidence against him. *Id.* On February 15, 2019, the Board responded by explaining that the record indicated that Monek had admitted to all charged technical violations in this matter. *See* Board Response to Administrative Appeal dated Feb. 15, 2019, C.R. at 189. Accordingly, the Board affirmed the May 11, 2018 Board Decision. *Id.* This appeal followed.[1]

Before this Court, Monek has filed a 72-page brief that consists of repeated challenges to the validity of the conditions of his parole, as well as extensive

---

[1] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

4

complaints and allegations of wrongdoing against parole agents and his own private counsel. *See generally* Monek's Brief.

Initially, we note our review is limited to the Board Decision dated May 11, 2018, wherein the Board found that Monek violated the imposed Special Condition of his parole. We note that, to the extent Monek challenges the imposition of the Special Condition, such a challenge is not before this Court.[2]

To the extent the text of his brief raises a challenge to the Board Decision mailed May 16, 2018, Monek argues that the record contains insufficient evidence to support the Board's finding that Monek violated the conditions of his parole. *See id.* at vii-viii. This claim lacks merit. Initially, we note:

> [t]he Board, as the ultimate fact-finder, evaluates witness credibility, resolves conflicts in the evidence, and assigns evidentiary weight. We leave the sufficiency of the evidence to the Board's discretion, and we will not interfere with the Board's finding of a technical parole violation if it is supported by substantial evidence.

*Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 (Pa. Cmwlth. 2010) (internal citations omitted). Further,

> [w]e have previously defined "substantial evidence" to be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, requiring something more than a scintilla creating a mere suspicion of the existence of the fact to be established.

*McCauley v. Pa. Bd. of Prob. & Parole*, 510 A.2d 877, 879 (Pa. Cmwlth. 1986).

---

[2] While not before this Court, we note that, once a convict meets certain eligibility requirements, the Board may parole the convict subject to certain general and possibly some special conditions, none of which require the prospective parolee's approval or agreement. *Jackson v. Pa. Bd. of Prob. & Parole*, 169 A.3d 1226, 1229 (Pa. Cmwlth. 2017).

Here, at the violation hearing conducted on April 6, 2018, Monek's parole agent testified that: (1) Monek's approved residence as of March 1, 2018 was Keystone Correctional Facility, which he was not allowed to change without written permission, and (2) Monek failed to report to Keystone Correctional Facility as directed. *See* N.T. 4/6/2018 at 7-9, C.R. at 71-73. Monek explained that he did not dispute that he intentionally failed to report as directed. N.T. 4/6/2018 at 10-22, C.R. at 74-86. Instead, Monek offered a lengthy explanation of his motivations behind his technical parole violations.[3] N.T. 4/6/2018 at 10-22, C.R. at 74-86. Based on Monek's admissions, the Board found Monek in violation of his parole Conditions 2 and 7 and recommitted him as a technical parole violator to serve six months' backtime for the multiple technical parole violations. *See* Board Decision, C.R. at 102-04. Upon administrative review, in which Monek again admitted he did not report to Keystone Correctional and forwarded the same explanations for his conduct, the Board stated that the record establishes that the Board Decision is supported by substantial evidence. *See* Administrative Remedies Form (Administrative Appeal), C.R. at 105-09; Board Response to Administrative Appeal mailed Feb. 15, 2019, C.R. at 189.

We find no error in the determinations of the Board. Monek repeatedly admitted to the violations he was determined to have committed. These admissions constitute substantial evidence to support the Board's Decision. To the extent Monek raises explanations for his behavior before this Court, the Board considered these admissions and also the excuses for those violations that Monek raised in his

---

[3] In sum, Monek repeatedly argued that his technical violations arose from his desire to continue his substance abuse and mental health counseling, his college education, and his assimilation back into the Philadelphia area, all of which he felt would have been disrupted by having to return to the Keystone Correctional Facility in Harrisburg pursuant to the Special Condition. *See generally*, N.T. 4/6/2018; *see also* Administrative Appeal; Monek's Brief at 62.

administrative appeal. However, the Board, as the factfinder and arbiter of credibility, weighed the evidence and still found Monek in violation of parole. This Court cannot reweigh the evidence. *See Flowers*.

Monek also alleges that his due process was violated by parole agents allegedly fabricating evidence against him, and thus he is entitled to a new evidentiary hearing. *See* Monek's Brief at vii-viii. We note that this claim actually challenges and restates Monek's claim that substantial evidence was not adduced in the hearing regarding his administrative appeal, discussed *supra*.

Further, to the extent he challenges the performance of his own counsel, *see* Monek's Brief at 18-49, we note that Monek did not raise this claim in his administrative appeal before the Board and now attempts to raise this claim for the first time in his brief. *See* Administrative Appeal, C.R. at 105-09. Accordingly, this claim is waived. *See* Pa.R.A.P. 1551.

For these reasons, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Frank Monek,                  :
                    Petitioner      :
                                    :
        v.                          :
                                    :
Pennsylvania Board of               :
Probation and Parole,               :    No. 325 C.D. 2019
                    Respondent       :

# O R D E R

AND NOW, this 27th day of April, 2020, the February 15, 2019 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge