IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Brian Kratzer, : 
                   Petitioner : 
                    : 
        v. : 
                    : 
Pennsylvania Parole Board, :   No. 808 C.D. 2020
                   Respondent :   Submitted:  February 12, 2021

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED:  July 16, 2021

       Christopher Brian Kratzer (Kratzer) petitions for review from the July 31, 2020 order of the Pennsylvania Parole Board (Board) denying his request for administrative relief filed March 9, 2020, that alleged that the Board failed to grant Kratzer credit for time spent incarcerated pursuant to the Board's warrant and for time spent in good standing at liberty on parole.  The Board has filed an Application for Summary Relief asserting that the matter is moot.  Upon review, we grant the Board's Application for Summary Relief and dismiss Kratzer's petition as moot.

       On July 17, 2015, Kratzer was sentenced to an aggregate term of 18 months to 4 years of incarceration following his guilty plea to 3 counts of Burglary

(Original Sentence).[1]  *See* Sentence Status Summary, Certified Record (C.R.) at 1-3.  On May 18, 2016, Kratzer was granted parole on his Original Sentence subject to multiple Conditions Governing Parole/Reparole (Conditions of Parole), which conditions Kratzer acknowledged by signing the Conditions of Parole prior to his release.  *See* Notice of Board Decision dated May 18, 2016, C.R. at 4-7; *see also* Conditions of Parole, C.R. at 8-11.  The Conditions of Parole required Kratzer, among other things, to:  (1) reside in an approved residence not to be changed without written permission of parole supervision staff (Condition 2), and (2) maintain regular contact with parole supervision staff by reporting regularly as instructed and following written instructions of the Board or parole supervision staff (Condition 3(a)).  *See* C.R. at 8.  The Conditions of Parole further informed Kratzer:

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance for those charges.
>
> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when

---

[1] Kratzer was sentenced on two counts of Burglary, overnight accommodation, person present, 18 Pa.C.S. § 3502(a)(1), and one count of Burglary, overnight accommodation, no person present, 18 Pa.C.S. § 3502(a)(2).

2

paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 8. Kratzer was ultimately released on parole on February 15, 2017, with a maximum sentence date of November 12, 2018, which left 635 days remaining on his Original Sentence. *See* Notice of Board Decision dated May 18, 2016, C.R. at 4-7.

Following his release, Kratzer absconded from supervision and was declared delinquent from parole effective February 26, 2018. *See* Wanted Notice Request executed Mar. 12, 2018, C.R. at 12; *see also* Board Administrative Action recorded Mar. 12, 2018, C.R. at 13. Following his arrest in Northampton County on new criminal drug charges (Northampton County Charges),[2] the Board detained Kratzer on August 10, 2018. *See* Criminal Complaint, C.R. at 16-22; *see also* Warrant to Commit and Detain dated Aug. 10, 2018 (Detention Warrant), C.R. at 14.

On August 30, 2018, Kratzer waived his right to counsel and his revocation hearing and admitted to two technical parole violations for violating Condition 2 and Condition 3(a). *See* Waiver of Violation Hearing and Counsel/Admission Form executed Aug. 30, 2018, C.R. at 26. As a result, on October 15, 2018, the Board recommitted Kratzer as a technical parole violator with a maximum parole violation date of April 26, 2019, which date was subject to change depending on the outcome of the Northampton County Charges. *See* Order to

---

[2] The Northampton County Charges were for violations of Section 13(a) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*: Possession of a Controlled Substance, 35 P.S. § 780-113(a)(16); Small Amount of Marijuana, 35 P.S. § 780-113(a)(31); Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32). *See* Criminal Compliant, C.R. at 16-20; *see also* Criminal Arrest and Disposition Report, C.R. at 23-24.

Recommit dated Oct. 15, 2018, C.R. at 45-46; *see also* Notice of Board Decision dated Oct. 15, 2018, C.R. at 47-49.

On January 10, 2019, Kratzer pleaded guilty to the Northampton County Charges[3] and was sentenced to serve 3 to 12 months' incarceration with credit for all time served in custody. *See* Court of Common Pleas of Northampton County Docket No. CP-48-CR0003636-2018 at 2-3, C.R. at 59-60. Thereafter, on April 19, 2019, Kratzer waived his right to counsel and a revocation hearing and admitted that his new convictions constituted parole violations. *See* Waiver of Revocation Hearing and Counsel/Admission Form dated Apr. 19, 2019, C.R. at 55.

On August 1, 2019, the Board entered a decision that deleted the reparole clause of the Board's October 15, 2018 decision and recommitted Kratzer to serve six months as a convicted parole violator when available following the completion of or parole from of the Northampton County Charges conviction. *See* Notice of Board Decision dated Aug. 1, 2019, C.R. at 75-76.

Kratzer was granted parole from the Northampton County Charges conviction on October 18, 2019. *See* Court of Common Pleas of Northampton County Order dated Oct. 18, 2019, C.R. at 77. The Board thereafter notified Kratzer that, because he had absconded from supervision while on parole, he would receive no credit for time at liberty on parole; the Board set Kratzer's new maximum sentence date as April 21, 2021. *See* Notice of Board Decision dated Feb. 12, 2020, C.R. at 80-81.

---

[3] Kratzer pleaded guilty to Possession of a Controlled Substance. *See* Court of Common Pleas of Northampton County Docket No. CP-48-CR0003636-2018 at 2, C.R. at 59. The Commonwealth withdrew the remaining charges. *See id.* at 3, C.R. at 60.

On March 9, 2020, Kratzer filed a counseled administrative appeal[4] alleging the Board failed to properly award him credit for time spent detained on the Detention Warrant as well as for time spent in good standing while at liberty on parole.[5] *See* Administrative Remedies Form dated Mar. 9, 2020 (Administrative Appeal), C.R. at 93. The Board denied the Administrative Appeal by letter dated July 31, 2020. *See* Letter from Board to Attorney Watkins dated July 31, 2020 at 1-3, C.R. at 99-101. Kratzer appealed to this Court.[6]

On appeal, Kratzer argues that the Board erred by failing to give him credit for all time served on the Detention Warrant and when he was recommitted as

---

[4] Kent D. Watkins, Esquire, entered his appearance on Kratzer's behalf on August 19, 2019. *See* Kent D. Watkins Letter dated Aug. 19, 2019, C.R. at 84. Prior to the entry of Attorney Watkins' appearance, Kratzer had filed an administrative appeal *pro se* on August 14, 2019. *See* Administrative Remedies Form dated Aug. 8, 2019, C.R. at 82-83. Thereafter, and despite Attorney Watkins' entry of appearance, Kratzer filed another *pro se* administrative appeal on August 27, 2019. *See* Administrative Remedies Form dated Aug. 27, 2019, C.R. at 86. Kratzer also wrote to the Board directly in December 2019 to inquire as to the status of his administrative appeals. *See* Kratzer Letter dated Dec. 19, 2019, C.R. at 90. The Board took no action on Kratzer's *pro se* filings, regarding them instead as second or subsequent requests to the counseled administrative appeal filed by Attorney Watkins. *See* Board Letter to Watkins dated July 31, 2020, at 1, C.R. at 99.

[5] The Administrative Appeal stated the allegations as follows:

> The [Board] failed to give [Kratzer] credit while incarcerated, served pursuant to the [B]oard's warrant and previously credited.
>
> The [Board] abused its discretion for failing to give [Kratzer] credit for all time in good standing while on parole. Ndenial [sic] was in the 8/1/2019 [B]oard action.

Administrative Remedies Form dated Mar. 9, 2020, C.R. at 93.

[6] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth.), *appeal denied*, 238 A.3d 1170 (Pa. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

5

a technical parole violator, and by failing to award him credit for time spent at liberty on parole. *See* Kratzer's Br. at 4 & 11-14. Kratzer asks this Court to vacate the Board's order and remand the matter for recalculation of his sentence with appropriate credits. *See* Kratzer's Br. at 15.

After this Court entered an order directing the submission of the matter on the briefs submitted by the parties, the Board filed an Application for Summary Relief asserting that the matter is moot. *See generally* Application for Summary Relief filed April 22, 2021 (Application for Summary Relief). Specifically, in the Application for Summary Relief the Board asserts that Kratzer has reached his maximum sentence date and is no longer on parole. *See* Application for Summary Relief at 1 (pagination supplied). As such, the Board contends that this matter is now moot because the issues raised and relief sought can no longer be redressed by a favorable judicial decision. *See id.*

We first address the Board's suggestion of mootness, as this claim is dispositive of this matter. As this Court has explained:

> Clearly, the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot. It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief. Dismissal will be refused only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision.

*Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (internal citations omitted).

Here, there is no dispute[7] that Kratzer's April 21, 2021 maximum sentence date has expired and he is therefore no longer in the custody and under the control of the Commonwealth. As a result, it is now impossible for this Court to grant Kratzer's requested relief, and his appeal is accordingly moot.[8] Therefore, we grant the Board's Application for Summary Relief and dismiss Kratzer's petition for review as moot.[9]

_____
CHRISTINE FIZZANO CANNON, Judge

[7] We note that this Court entered an order on May 6, 2021, directing Kratzer to file an answer to the Application for Summary Relief within 14 days. *See* Order dated May 6, 2021. Kratzer did not comply.

[8] We note that Kratzer has not asserted either that the issues involved in this matter are of important public interest or are capable of repetition but likely to avoid review.

[9] Moreover, even if not moot, the record supports the Board's factual determinations that: (1) Kratzer absconded from supervision; (2) Kratzer was arrested for new criminal drug charges while in delinquent status; and (3) the Board properly recalculated Kratzer's maximum sentence date. *See* Letter from Board to Attorney Watkins dated July 31, 2020 at 1-3, C.R. at 99-101.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Brian Kratzer,          :
          Petitioner        :
                      :
      v.                 :
                      :
Pennsylvania Parole Board,     :    No. 808 C.D. 2020
          Respondent    :

## O R D E R

AND NOW, this 16th day of July, 2021, the Application for Summary Relief filed by the Pennsylvania Parole Board on April 22, 2021, is GRANTED. The petition for review filed by Christopher Brian Kratzer is DISMISSED as MOOT.

_____
CHRISTINE FIZZANO CANNON, Judge