IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Malik S. Jones,                                    :
                          Petitioner               :
                                                   :
              v.                                   :     No. 1362 C.D. 2023
                                                   :     Submitted: February 4, 2025
Pennsylvania Parole Board,                         :
                          Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge (P.)
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER                     FILED: April 8, 2025

        Malik S. Jones (Petitioner) petitions for review of a November 7, 2023 Order
of the Pennsylvania Parole Board (Board) finding no grounds to grant administrative
relief and affirming the Board's prior decisions recommitting Petitioner as a
technical parole violator (TPV) and a convicted parole violator (CPV). Before this
Court, Petitioner argues the Board abused its discretion in listing him for reparole
on review, instead of automatically reparoling him, and essentially rescinding credit
for time spent at liberty on parole, also known as street time, that had previously
been awarded in violation of *Penjuke v. Pennsylvania Board of Probation and
Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019) (*en banc*), *superseded by statute as
recognized in Bailey v. Pennsylvania Parole Board*, 323 A.3d 259, 265 (Pa. Cmwlth.
2024). Upon review, we affirm.

        On December 6, 2016, Petitioner was sentenced to serve 3 years, 6 months to
10 years in prison for aggravated assault with bodily injury to an officer. (Certified

Record (C.R.) at 3.) The same day, he was sentenced to concurrently serve 3 years, 6 months to 10 years on charges of drug manufacture, sale, delivery, or possession with intent to deliver and persons not to possess, use, etc. firearms. (*Id.*) His maximum sentence date was January 7, 2026. (*Id.*) On August 3, 2020, Petitioner was released on parole. (*Id.* at 9.)

On August 12, 2021, the Board issued a warrant to commit and detain Petitioner based on new criminal charges that were filed by the Pennsylvania State Police. (*Id.* at 20-21.) Petitioner pleaded guilty to a charge of possession of a controlled substance and was granted immediate parole to his state parole detainer on November 30, 2021. (*Id.* at 39.) The warrant was subsequently canceled on December 1, 2021, and no revocation proceedings were commenced; instead, Petitioner continued on parole. (*Id.* at 22, 39.)

On June 13, 2022, the Swatara Township Police Department charged Petitioner with misdemeanor charges of marijuana-small amount personal use and use/possession of drug paraphernalia. (*Id.* at 35.) Petitioner was charged by the Lower Paxton Township Police Department on December 5, 2022, with disorderly conduct. (*Id.* at 37, 69.)

On December 29, 2022, the Board declared Petitioner delinquent effective December 28, 2022. (*Id.* at 23.) A warrant to commit and detain was issued on March 7, 2023. (*Id.* at 24.) Petitioner was arrested by the Lower Paxton Township Police Department on the March 7, 2023 warrant and bail was set on the June 2022 charges at $100 monetary on March 9, 2023. (*Id.* at 40, 62, 65.) On March 21, 2023, the Board issued a decision detaining Petitioner pending disposition of the criminal charges and recommitting Petitioner as a TPV for six months for violating two conditions of his parole: one related to change of residence without permission and

the other related to violating GPS monitoring. (*Id.* at 27.) Based on a custody for return date of March 7, 2023, the Board recalculated Petitioner's maximum sentence date as March 17, 2026, after 69 days were lost due to Petitioner's delinquency between December 28, 2022, and March 7, 2023. (*Id.* at 25.) On April 7, 2023, Petitioner filed a timely administrative remedies form in which he raised a substantial evidence challenge. (*Id.* at 77-78.)

Petitioner subsequently pleaded guilty and nolo contendere to summary offenses in the Lower Paxton and Swatara cases, respectively, no further penalties or sentences were assessed, and Petitioner was released on May 9, 2023, immediately to the detainer. (*Id.* at 31, 36-38, 40, 42-44, 65.) On May 10, 2023, the Board released Petitioner from temporary custody, and he was transported to the State Correctional Institution Smithfield. (*Id.* at 30.) Based on the new convictions, the Board issued a notice of charges on May 12, 2023. (*Id.* at 31.) Petitioner waived a revocation and panel hearing, as well as his right to counsel, and signed an admission form wherein he admitted to his conviction on the new charges. (*Id.* at 32-34.)

Thereafter, the Board issued its June 8, 2023 decision, modifying its March 21, 2023 decision recommitting Petitioner as a TPV by replacing the automatic reparole provision to reparole after review. (*Id.* at 73.) The June 8, 2023 decision also referred back to the Board's prior order recommitting Petitioner as a TPV and recommitted Petitioner as a CPV. (*Id.*) The Board ordered Petitioner to serve six months backtime[1] concurrently with the six months previously imposed as a TPV. The Board denied Petitioner credit for his street time because he had absconded while on parole and had unresolved drug and alcohol issues. (*Id.*) Petitioner

---

[1] Backtime is the "unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

3

received credit for 111 days of confinement from August 12, 2021, to December 1, 2021, the period during which he was held on a detainer that was ultimately canceled, and credit for 63 days of backtime from March 7, 2023, to May 9, 2023, the period during which he was in custody on new charges. (*Id.* at 39-40, 71.) The Board added Petitioner's 1,809 days of backtime owed to his return for custody date of May 9, 2023, the day he was sentenced, which established a new maximum sentence date of April 21, 2028. (*Id.* at 71.) Petitioner's counsel filed an administrative remedies form on July 21, 2023,[2] alleging the Board abused its discretion by not listing Petitioner for automatic reparole and not awarding Petitioner credit for his street time. (*Id.* at 83.)

The Board, by Order mailed November 7, 2023, affirmed its earlier decisions. (*Id.* at 85-87.) Therein, the Board explained that the March 21, 2023 decision was proper given Petitioner's waiver of his rights to a violation hearing and counsel, his acknowledgment of "the veracity of the technical parole violations presented to him in the notice," and the lack of withdrawal of those waivers/admissions within the required period. (*Id.* at 85.) Thus, the Board held it acted within its authority revoking Petitioner's parole. (*Id.*) The Board also reasoned the recommitment of six months as a TPV for a first violation is consistent with Section 6138(d)(3) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(d)(3). (*Id.* at 86.) The Board further explained that because this was Petitioner's "first recommitment as a TPV . . . since the automatic reparole provision went into effect . . . , the Board acted within its discretion by recommitting him to serve [six] months for the technical violation indicated." (*Id.*)

---

[2] Petitioner separately wrote the Board again on July 11, 2023, explaining what occurred and asking for placement in a short-term rehabilitation center and automatic reparole. (C.R. at 80-81.)

As to its June 8, 2023 decision recommitting Petitioner as a CPV and not crediting Petitioner for any street time, the Board noted this was "purely a matter of discretion." (*Id.*) The Board explained it articulated two reasons for denying the credit, both of which were supported by substantial evidence. (*Id.*) Finally, since the reparole eligibility date set forth in the March 21, 2023 and June 8, 2023 decisions, September 7, 2023, had passed and Petitioner had been interviewed for reparole, the Board stated it could "provide no meaningful form of relief" related to that claim. (*Id.*) Petitioner, through counsel, filed a timely Petition for Review with this Court.[3]

Before this Court, Petitioner lists two issues. First, he argues the Board abused its discretion by listing him for reparole upon review instead of automatic reparole. Petitioner does not elaborate as to why this was an abuse of discretion. Second, Petitioner argues the Board erred by taking street time credits which had previously been awarded when he had been recommitted as a TPV in violation of *Penjuke*. Specifically, he claims the June 8, 2023 decision to recommit does not give him credit for the previously awarded street time in the March 21, 2023 decision because it incorrectly lists the incorrect parole/reparole/delinquency/board warrant date as August 3, 2020, which was his release from confinement, not December 28, 2022, which was the date he was declared delinquent. In addition, he maintains 63 days of backtime, from March 7, 2023, his custody for return date, to May 9, 2023, was not credited in the March 21, 2023 order. According to Petitioner, his maximum date should be March 17, 2026.

---

[3] The Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

The Board responds that Petitioner waived his argument that it did not properly calculate his maximum date based on improperly rescinding previously awarded credit because this issue was not raised before the Board in the administrative appeal. Instead, according to the Board, Petitioner only raised the issue that the Board did not award him credit for his street time and that the Board abused its discretion in directing reparole upon review. For support, the Board cites Section 703(a) of the Administrative Agency Law, 2 Pa.C.S. § 703(a), Pennsylvania Rule of Appellate Procedure 1551(a), Pa.R.A.P. 1551(a), and various precedent from this Court. The Board does not address in its brief Petitioner's other claim of error, that the Board should not have listed him for reparole upon review.

We begin with Petitioner's vague assertion that the Board erred in listing him for reparole upon review, rather than for automatic reparole. Notably, in his brief, Petitioner acknowledges that the decision to review him for reparole is within the Board's discretion, citing *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319 (Pa. 1999), and *Reider v. Pennsylvania Board of Probation and Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986). These cases provide that the Board's decision to grant or deny parole is solely within the Board's discretion and denials of parole are not adjudications subject to judicial review. Thus, they do not offer a basis upon which to reverse the Board on this basis asserted by Petitioner.

Nonetheless, we observe that the March 21, 2023 decision recommitting Petitioner as a TPV stated Petitioner was "reparoled automatically without further action of the Board on 09/07/2023 (1st TPV Recommitment) pending resolution of outstanding criminal charges provided" that certain conditions were met. (C.R. at 28.) This is consistent with Section 6138(d)(3)(i) of the Parole Code, which provides for automatic reparole following a first recommitment **as a TPV** for a maximum

6

period of six months. 61 Pa.C.S. § 6138(d)(3)(i). However, **prior to the expiration of that six-month period**, Petitioner was recommitted as a **CPV** to serve six months backtime (concurrent with the previously imposed TPV backtime). (C.R. at 73.) The automatic reparole provision applies only to those recommitted as **TPVs**. 61 Pa.C.S. § 6138(d)(3)(i) ("A **[TPV]** recommitted to a State correctional institution . . . shall be recommitted for one of the following periods, at which time the offender **shall automatically be reparoled without further action by the [B]oard**: (i) For a first recommitment under this subsection, a maximum period of six months.") (emphasis added). In contrast, under Section 6138(a)(3), the Board has **discretion to reparole CPVs** if, "in its opinion, the best interests of the offender justify or require the offender's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby." 61 Pa.C.S. § 6138(a)(3). Because Petitioner was recommitted as a CPV on June 8, 2023, we discern no error or abuse of discretion in the Board changing the automatic reparole provision, which is inapplicable to CPVs, to reparole upon review, which applies to CPVs.

On the issue of Petitioner's street time, we agree with the Board that Petitioner did not expressly raise *Penjuke* or claim that the Board impermissibly revoked street time for which it had previously awarded a credit. Rather, Petitioner's counseled Administrative Remedies Form simply stated: "The [B]oard [abused] its discretion in no[t] awarding [] [P]etitioner credit for any time at liberty on parole." (C.R. at 83.) Petitioner's pro se filings similarly did not reference this reason as a basis to reverse the Board's recalculation of Petitioner's maximum sentence date. (*See* C.R. at 80-81.) Finally, Petitioner's Petition for Review likewise did not include this issue. Thus, Petitioner's reliance on *Penjuke* to assert the Board erred in revoking his previously credited street time, which was raised for the first time in his brief to

7

this Court, is not preserved having not been raised to the Board in the first instance. *See, e.g.*, 2 Pa.C.S. § 703(a) (stating that a party appealing from a decision of a Commonwealth agency "may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown"); Pa.R.A.P. 1551(a) (providing, with exceptions not applicable here, that "[o]nly questions raised before the government unit shall be heard or considered"); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) ("It has been the holding of this court that issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this court."). However, even if Petitioner had preserved this issue, he would not prevail.

Petitioner argues, through the citation to *Penjuke* and the dates used in the TPV and CPV recommitment orders, that the Board gave him credit for his street time, minus the time he was delinquent, when it recommitted him as a TPV, (C.R. at 25), but then impermissibly took that street time when it recommitted him as a CPV, (*id.* at 71). Under *Penjuke*, Petitioner argues, the Board was not permitted to "reach back" and revoke the credit for street time granted previously during a TPV recommitment. 203 A.3d at 420. These arguments are unavailing.

First, *Penjuke* has been superseded by statute, as this Court recognized in *Bailey*, 323 A.3d at 265. Section 6138(c)(2) of the Parole Code specifically provides that, as of June 30, 2021, "[c]redit awarded to a [TPV] for time served on parole in good standing[, i.e., street time,] **is subject to forfeiture** if the offender is **subsequently recommitted as a [CPV]**."[4] 61 Pa.C.S. § 6138(a)(2) (emphasis

---

[4] This language was added to Section 6138 of the Parole Code by Section 21 of the Act of June 30, **2021**, P.L. 260, and was immediately effective. *Penjuke* was decided in **2019**.

added).  Petitioner's underlying conduct leading to his recommitment occurred in 2022, and his recommitment as a TPV and CPV occurred, respectively, in March and June 2023, well after this statutory provision became effective in June 2021.

Second, even if not superseded by statute, we have held that *Penjuke* does not apply where the petitioner commits "the technical and criminal parole violations at issue . . . in the **same** parole period." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020) (emphasis in original).  In short, the Board can award a petitioner credit for street time when it recommits the petitioner as a TPV, and then later revoke that credit when it recommits the petitioner as a CPV, when they occur in the same parole period.  Here, Petitioner's TPV and CPV recommitments were for conduct that occurred in the **same parole period**; therefore, *Kazickas*, not *Penjuke*, controls.  Accordingly, the Board had the discretion to revoke the credit for Petitioner's street time when it recommitted him as a CPV, notwithstanding that credit had been given in the March 21, 2023 decision.[5]

For the foregoing reasons, we affirm the Board's November 7, 2023 Order.

RENÉE COHN JUBELIRER, President Judge

---

[5] To the extent Petitioner appears to challenge the Board's recalculation of his maximum sentence date due to the Board's failure to include 63 days credit for March 7, 2023 through May 9, 2023 in the Board's **March 21, 2023** decision, (Petitioner's Brief at 15), the Board could not have included that period in that decision as it was issued **before** Petitioner's **May 9, 2023** sentencing.  The Board did, however, give Petitioner credit for those 63 days in its June 8, 2023 recommitment order.  (*See* C.R. at 71.)

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Malik S. Jones,                           :
                    Petitioner            :
                                          :
            v.                            :     No. 1362 C.D. 2023
                                          :
Pennsylvania Parole Board,                :
                    Respondent            :

# **O R D E R**

    **NOW**, April 8, 2025, the Order of the Pennsylvania Parole Board, dated November 7, 2023, entered in the above-captioned matter, is **AFFIRMED**.

_____
RENÉE COHN JUBELIRER, President Judge