IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawud Miller,       :
    Petitioner     :
             :
   v.        :
             :
Pennsylvania Board of    :
Probation and Parole,    :  No. 656 C.D. 2019
    Respondent   :  Submitted: December 20, 2019


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: May 8, 2020


    Dawud Miller (Miller) petitions for review from the May 3, 2019 decision of the Pennsylvania Board of Probation and Parole (Board)[1] denying Miller's request for administrative relief challenging the recalculation of his maximum sentence date.[2] Miller is represented by Lindsey Collins, Esquire (Counsel), who asserts that the appeal is without merit and seeks permission to

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

[2] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

withdraw as counsel. Since the filing of this matter, Miller's maximum expiration date lapsed rendering his petition for review, and Counsel's amended request to withdraw, moot. Accordingly, we dismiss Miller's petition for review and the amended motion to withdraw as counsel.

On March 6, 2014, the Board paroled Miller from a state correctional institution (SCI) where he was serving a term of two years, three months to eight years on his convictions for persons not to possess and use firearms and reckless endangerment. Certified Record (C.R. at ___) at 1 & 7. At the time of his release, Miller's maximum sentence date was November 26, 2019. *Id.* On June 18, 2018, the Philadelphia Police Department arrested Miller and charged him with one count of manufacture, delivery or possession with intent to manufacture or deliver and one count of intent to possess a controlled substance by persons not regulated. *Id*. at 11-13. The next day, on June 19, 2018, the Board issued its detainer, and recommitted Miller, and he was detained in the Philadelphia County Prison. *Id*. at 15 & 35. On September 11, 2018, Miller pleaded guilty to the new criminal charges. *Id*. at 36. The Court of Common Pleas of Philadelphia County (sentencing court) sentenced Miller to a period of 9 to 23 months' incarceration followed by 2 years of probation and gave Miller credit for time served and paroled him immediately.[3] *Id*. at 38.

On October 24, 2018, the Board held a revocation hearing. C.R. at 41-59. After the hearing, the Board notified Miller of its decision, mailed January 30, 2019, to recommit him as a convicted parole violator to serve 18 months' backtime. *Id*. at 69. The Board also indicated that Miller is not eligible for reparole until March 11, 2020 and recalculated his maximum sentence date to June 2, 2024. *Id*.

---

[3] The record is not clear as to why the sentencing court immediately paroled Miller after only serving approximately three months of his nine-month minimum term. Relevant to the current appeal, however, the record is clear that Miller was paroled from his county sentence and available to the Board on September 11, 2018.

2

Miller filed a timely petition for administrative review with the Board challenging its January 30, 2019 decision. C.R. at 71-73. Thereafter, Miller filed an amendment to his petition for administrative review.[4] *Id*. at 77-81. The Board, by decision dated May 3, 2019, denied Miller's request for relief and affirmed the Board's decision to recalculate his maximum sentence date to June 2, 2024. *Id*. at 83-84.[5] Miller filed a timely petition for review with this Court.

---

[4] The Board received Miller's petition for administrative review on February 7, 2019 and his amendment thereto on February 19, 2019. C.R. at 71 & 77.

[5] The Board explained the basis for its decision to affirm the January 30, 2019 decision as follows:

> The Board paroled you from a [SCI] . . . on March 6, 2014 with a max date of November 26, 2019. This left you with a total of 2091 days remaining on your sentence at the time of parole. The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you receive no credit for the time you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. This means you still had a total of 2091 days remaining on your sentence based on your recommitment.
>
> On June 1[8], 2018 you were arrested for new criminal charges . . . and did not post bail. On June 19, 2018 the Board lodged its detainer against you. You were sentenced on September 11, 2018 to a county term. You were paroled from your county term on September 11, 2018.
>
> Based on these facts, the [B]oard did not award backtime credit. This means you still had a total of 2091 days remaining on your original sentence.
>
> The Prisons and Parole Code provides that convicted parole violators who are paroled from a [SCI] and then receive a county sentence of confinement on their new charges will not become available to commence service of the original sentence until parole from, or completion of the county sentence. In this case, September 11, 2018 is your effective date because that is when you were available to the [B]oard from your Philadelphia County conviction.

3

In his petition for review, Miller asserts that he is entitled to credit for time spent at liberty on parole because the Board based its denial of credit on inaccurate information, he complied with the conditions of his parole, and the Board failed to "articulate a permissible basis for its denial" pursuant to *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). Petition for Review (Petition) ¶¶ 4-8, 10-12. Miller also contends that he is entitled to credit for time spent incarcerated prior to sentencing on his new conviction because the sentencing court ordered it. *Id*. ¶¶ 4, 9 & 14. After Miller petitioned this Court for review, by decision mailed July 11, 2019, the Board modified its January 30, 2019 decision to delete the eligibility for reparole provision and exercised its discretion to award Miller credit for the time he spent at liberty on parole. C.R. at 88. Therefore, the Board changed Miller's recalculated maximum sentence date from June 2, 2024 to February 18, 2020. *Id*. at 88 & 90.

This Court appointed Counsel to represent Miller in this matter. Cmwlth. Ct. Order dated 6/6/19. On September 24, 2019, Counsel filed a motion to withdraw as counsel wherein she asserted that Miller's claims lack merit and included with her motion a no-merit letter.[6] Motion to Withdraw as Counsel ¶ 5, Exhibit (Ex.) A. This Court, by order dated September 25, 2019, gave Miller 30

---

Adding 2091 days to that date yields a new maximum date of June 2, 2024.

C.R. at 83-84.

[6] Counsel seeking to withdraw may file an "*Anders* Brief" or a no-merit letter. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence, this Court only requires a no-merit letter explaining why the claim is meritless to support the motion to withdraw. *Id*. at 25-26. The standard applied in this case is whether Miller's claims are without merit. *Id*. at 26 n.4.

days to obtain substitute counsel or to file a brief on his own behalf. Cmwlth. Ct. Order dated 9/25/19. Counsel served Miller with a copy of this Court's September 25, 2019 order by First-Class Mail. *See* Certificate of Service dated 9/27/19. By letter dated October 10, 2019, Miller objected to Counsel's motion to withdraw and asserted that his receipt of this Court's September 25, 2019 order was the first communication that he had with Counsel since her entry of appearance. *See* Letter from Miller to the Office of the Chief Clerk (now Prothonotary) dated 10/10/19.

On October 31, 2019, Counsel filed an amended motion to withdraw as counsel. In her amended motion to withdraw, Counsel represented that on September 20, 2019, she sent Miller a no-merit letter but the letter was returned to Counsel and marked as "Refused. Return to Sender[.]" Amended Motion to Withdraw (Amended Motion) ¶ 5. Counsel further explained that her "attorney control number and time code were inadvertently left off the envelope at the time of mailing, resulting in its refusal" and that the "refused mailing took in excess of one month to be returned" to Counsel. *Id.* ¶¶ 6-7. Upon receipt of the refused mailing, Counsel returned the entire mailing to Miller with a letter explaining what occurred. *Id.* ¶ 8. Again, in her amended motion, Counsel asserted that Miller's claims lack merit and averred that she met the technical requirements to withdraw. *Id.* ¶ 9. This Court granted Miller an additional 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf and directed the Prothonotary to send a copy of this Court's order directly to Miller and Counsel. Cmwlth. Ct. Order dated 10/31/19. Miller did not obtain substitute counsel or file a brief. This Court ordered that Counsel's amended motion to withdraw as counsel and Miller's petition for review be submitted on briefs without oral argument. Cmwlth. Ct. Order dated 12/16/19.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013) (citing *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009)). The no-merit letter must detail: (i) the nature and extent of the counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Miskovitch*, 77 A.3d at 69 (citing *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 26). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby v. Shanon*, 964 A.2d 956, 962 (Pa. Cmwlth. 2009). Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On October 29, 2019, Counsel filed a Certificate of Service with this Court certifying that she served Miller, by First-Class Mail, with copies of the amended motion to withdraw as counsel and the no-merit letter. *See* Certificate of Service attached to Amended Motion. In the no-merit letter, Counsel advised Miller that he has a right to retain new counsel if he wishes or to raise any new points that he may deem worthy of consideration on his own in a brief submitted on his own behalf. Amended Motion, Ex. A, No-Merit Letter at 1. In the no-merit letter, Counsel addressed the nature and extent of her review of Miller's case and the issues raised by Miller on appeal, and explained why those issues were meritless. *Id.* at 2-5.

6

Though Counsel has complied with the technical requirements to withdraw and we normally would independently evaluate Miller's claims, here, it is not necessary because Miller's maximum sentence date has already passed. As this Court has stated, "[t]he expiration of a parolee's maximum term renders an appeal of a Board revocation order moot" and "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *See Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000). We will refuse to dismiss a moot appeal "only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without [our] court's decision." *Id*.

Here, the recalculated maximum sentence date on Miller's original sentence was February 18, 2020 and that date has lapsed. C.R. at 88. An order by this Court granting Miller relief from his maximum sentence date that has lapsed will not have any meaning as Miller has already served his unexpired term. As reflected in the certified record, Miller was paroled from SCI-Retreat and he was convicted of his new crimes in county court. C.R. at 7 & 38. The sentencing court in its order indicated that Miller served his county sentence in county jail and paroled him "immediately." *Id*. at 38. Section 6138(a)(5)(iii) of the Prisons and Parole Code provides:

> (5) *If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases*:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) *In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.*

61 Pa.C.S. § 6138(a)(5)(iii) (emphasis added). Because the sentencing court ordered Miller paroled immediately from his county sentence, Miller was available to commence service on his unexpired original term on September 11, 2018. C.R. at 38. As reflected on the Pennsylvania Department of Corrections Moves Report and the Board's revised Order to Recommit, Miller remained incarcerated actively serving as a parole violator after September 11, 2018. *Id*. at 68 & 90. Upon reaching the expiration of his maximum sentence date, Miller's only outstanding sentence was his county sentence, which would render him subject to the jurisdiction of the county parole authorities and not the Board.[7]

Though the issue raised by Miller relating to the Board's calculation of his maximum date is capable of repetition by other petitioners in other matters, it is not an issue that is likely to escape review in the future, as shown through numerous

---

[7] We recognize previous decisions from this Court refusing to dismiss as moot cases where the individuals remained incarcerated in a SCI on new criminal charges and subject to the Board's jurisdiction with respect to calculation of a new maximum sentence date that may be impacted by a determination on the credit issues then present before the Court. *See*, *e.g.*, *McGrath v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 712 C.D. 2018, filed October 10, 2019); *McClinton v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019). However, this case is distinguishable because Miller's new criminal charges only resulted in a county sentence and he did not remain under the Board's jurisdiction following expiration of his maximum sentence date.

other appeals from Board decisions which this Court has substantively addressed over the years. Nor will Miller suffer without our assistance because, as we have already noted, he has finished serving the sentence that gave rise to the challenged maximum date.[8] Therefore, we dismiss Miller's petition for review, and Counsel's request to withdraw, as moot.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] Even if this matter was not moot, we would agree with Counsel that Miller's assertion lacks merit and would affirm the Board's decision. Given the Board's July 11, 2019 decision awarding Miller credit for the time he spent at liberty on parole, thereby negating any *Pittman* issue, the only issue that Miller has remaining before this Court is whether the Board erred when it recalculated his maximum sentence date because he is entitled to credit for time spent incarcerated pre-sentence, between June 18, 2018 and September 11, 2018. Petition ¶¶ 4, 9 & 14; *see also* No-Merit Letter at 3. However, as explained by Counsel, it is well-settled that time spent incarcerated while awaiting disposition on new criminal charges must apply to the new sentence by the sentencing court if the parolee "is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail." *Commonwealth v. Mann*, 957 A.2d 746, 751 (Pa. Super. 2008). Here, Miller was held on the new criminal charges between June 19, 2018 (the day of the Board's detainer) and September 11, 2018 (the day of sentencing on Miller's new crimes). C.R. at 15 & 36. Miller did not post bail on his new criminal charges, *id.* at 63, and, therefore, the sentencing court properly applied the time he served pre-sentencing to his new county sentence. *Id.* at 38.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dawud Miller,                          :
              Petitioner               :
                                       :
        v.                             :
                                       :
Pennsylvania Board of                  :
Probation and Parole,                  :        No. 656 C.D. 2019
              Respondent               :

O R D E R

AND NOW, this 8th day of May, 2020, the petition for review filed by Dawud Miller and the amended motion to withdraw as counsel filed by Lindsey Collins, Esquire, are dismissed as moot.

_____
CHRISTINE FIZZANO CANNON, Judge