IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tobias Johnson,                          :
                    Petitioner          :
                                         :
            v.                           :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :   No. 1702 C.D. 2019
                    Respondent          :   Submitted: August 21, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  October 27, 2020


           Tobias Johnson (Johnson) petitions for review from a decision of the

Pennsylvania Board of Probation and Parole (Board)[1] denying his request for

administrative relief.    Johnson is represented by Susan Ritz Harper, Esquire

(Counsel), who asserts that the appeal is without merit and seeks permission to

withdraw as counsel.  For the foregoing reasons, we grant Counsel's application to

withdraw and affirm the order of the Board.

           On May 27, 2014, the Board released Johnson on parole after he served

time at a state correctional institution (SCI) on his original sentence of two years

_____

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

three months to six years of incarceration resulting from his conviction for the manufacture, sale, delivery, or possession with intent to manufacture or deliver a controlled substance. Certified Record (C.R.) at 1-2 & 7. When released, Johnson had an original maximum sentence date of February 21, 2018. *Id*. at 7.

On December 21, 2017, the Board detained Johnson after his arrest on new drug charges and bail was set at $25,000. *Id*. at 28-30. The Board scheduled a detention hearing and, on January 16, 2018, a public defender entered her appearance on Johnson's behalf. *Id*. at 39-41. Johnson's counsel requested a continuance of the hearing to await the outcome of the criminal preliminary hearing, and the continuance was granted.[2] *Id*. at 42. On February 21, 2018, the Board cancelled its detainer against Johnson because his maximum sentence date on his initial drug conviction had lapsed. *Id*. at 43. On March 6, 2018, Johnson posted bail on his new drug charges. *Id*. at 47. The Board issued an administrative action on May 17, 2018, declaring Johnson delinquent for control purposes effective December 20, 2017. *Id*. at 48.

On October 22, 2018, the Board detained Johnson upon his guilty plea to one count of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance. C.R. at 50, 60. On January 16, 2019, the Court of Common Pleas of Allegheny County (trial court) sentenced Johnson to 4 months 15 days to 9 months of incarceration plus 3 years of probation for his new drug conviction. *Id*. at 52-53. Johnson subsequently waived his right to counsel and to a revocation hearing and admitted to his new criminal conviction. *Id*. at 54-55. On March 22, 2019, the Board notified Johnson of its decision to recommit him to an

---

[2] Johnson's counsel, at the time, specifically noted on the request for continuation that his maximum sentence date was February 21, 2018 (*i.e.*, soon). Certified Record (C.R.) at 42.

SCI as a convicted parole violator (CPV) to serve 24 months' backtime[3] "when available, pending receipt of additional information," and informed him that his maximum sentence date was subject to change. *Id*. at 89-90. By order dated April 2, 2019, the trial court paroled Johnson from county jail. *Id*. at 92.

On April 16, 2019, the Board notified Johnson that it decided, in its discretion, not to award him credit for the time he spent at liberty on parole (*i.e.*, his "street time")[4] because he received a "new conviction same/similar to [his] original offense." C.R. at 95-96. The Board's decision further noted that Johnson's recalculated maximum sentence date was June 18, 2022. *Id.* at 95. Subsequently, the Board notified Johnson that it had to modify its April 16, 2019 decision "due to technician error," and that his maximum sentence date was actually October 3, 2022.[5] *Id*. at 99-100.

On May 13, 2019, Johnson filed a request for administrative relief contending that the Board erred when it recalculated his maximum sentence date

---

[3] Backtime is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[4] We note that "street time" is a term commonly used for the period of time a parolee spends in good standing while at liberty on parole. *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 403 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020).

[5] In its modified order to recommit dated April 22, 2019, the Board explained that when Johnson was paroled on May 27, 2014, he had 1366 days remaining on his original sentence (original maximum sentence date of February 21, 2018 - May 27, 2014 = 1366 days). C.R. at 97. The Board gave Johnson backtime credit of 86 days from October 22, 2018 (the date he pleaded guilty to the new crime), to January 16, 2019 (the date of his sentencing on the new crime), as he remained incarcerated during that time solely on the Board's detainer. *Id*. Therefore, Johnson owed 1280 days of backtime on his original sentence (1366 days – 86 days = 1280 days). *Id.* The Board's custody for return date was April 2, 2019 (the day Johnson was released from the new sentence), and adding 1280 days to this date yielded a new maximum sentence date of October 3, 2022. *Id*.

3

because he was entitled to "credit for street time." *Id*. at 101-02. On May 31, 2019, the Board denied Johnson's request for relief and explained:

> First, the Board recalculated your maximum sentence date to October 3, 2022, based on your recommitment as a [CPV]. The decision to recommit you as a [CPV] gave the Board statutory authority to recalculate your sentence to reflect that you received no credit for the period you were at liberty on parole. . . .
>
> Next, the decision on whether to grant or deny a [CPV] credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. . . .
>
> [T]he Board must articulate the basis for its decision to grant or deny a [CPV] credit for time spent at liberty on parole. On April 16, 2019[,] you were mailed a [B]oard decision articulating that the reason you were denied credit for your street time was because your new conviction was the same/similar to the original offense. This is sufficient reason for denying credit for time spent at liberty on parole. . . . Therefore, the Board did not abuse its discretion by failing to award you credit for the time spent at liberty on parole.

C.R. at 104-05 (citations omitted).

It appears from the record that Johnson did not timely appeal the Board's May 31, 2019 decision to this Court. *See generally* C.R. Rather, on June 27, 2019, Johnson submitted another administrative remedies form purporting to challenge the Board's decision to deny him credit for the time he spent at liberty on parole. *Id.* at 107. This second administrative remedies form specifically indicated that it was challenging the Board's May 31, 2019 decision. *Id.*

On November 4, 2019, the Board sent correspondence to Johnson indicating it was resending its October 7, 2019 decision, which had been returned to the Board as "undeliverable," due to using Johnson's parole number rather than his Department of Corrections number. C.R. at 109. Given its address error, the Board informed Johnson that he could consider November 4, 2019 as "the official mailing date if [he chose] to appeal the enclosed, October 7, 2019, decision by filing an appellate petition for review" with this Court. *Id*. Notably, the Board's October 7, 2019 decision explained that Johnson's June 27, 2019 request for administrative relief was dismissed as an unauthorized second or subsequent request, and stated that the Board had already addressed Johnson's claims in its May 31, 2019 decision. *Id.* at 110. On December 3, 2019, Johnson petitioned this Court for review.[6]

By order dated January 8, 2020, we granted Johnson's application to proceed in *forma pauperis* and appointed the Public Defender of Fayette County to represent him. Cmwlth. Ct. Order dated 1/8/20. After conducting her review of the matter, on May 5, 2020, Counsel filed an Application for Leave to Withdraw Appearance (Application), indicating that she filed "contemporaneously" a no-merit letter[7] and that the letter had been served on Johnson. Application ¶ 9. Counsel

---

[6] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[7] Counsel seeking to withdraw may file an "*Anders* Brief" or a no-merit letter. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence as herein, this Court only requires a no-merit letter explaining why the claim is meritless to support counsel's motion to withdraw. *Id*. at 25-26. The standard applied in this case is whether Johnson's claims are without merit. *Id*. at 26 n.4.

represented that she has conducted a "full and conscientious examination of the [certified] record" and "has concluded that there is no factual or legal basis for . . . Johnson's appeal." *Id*. ¶ 5.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if she satisfies the following requirements: (i) she must notify the petitioner of the request to withdraw; (ii) she must furnish the petitioner with a copy of a no-merit letter; and (iii) she must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of counsel's review; (ii) each issue the petitioner wished to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

Here, Counsel met the technical requirements to withdraw. On May 12, 2020, Counsel served Johnson with a copy of the Application and the no-merit letter by First-Class Mail as evidenced by the proof of service submitted to this Court. *See* Application Exhibit A, Proof of Service dated 5/12/20. In the no-merit letter, Counsel advised Johnson of his "right to retain substitute counsel," and of his "right to raise any points that [he] may deem worthy of merit in a *pro se* brief" filed with this Court. Application Exhibit A, No-Merit Letter at 2 (emphasis added). On

6

May 26, 2020, the Court issued an order giving Johnson 30 days to obtain substitute counsel, at his own expense, or to file a brief on his own behalf in light of Counsel's request to withdraw. Cmwlth. Ct. Order dated 5/26/20. On June 19, 2020, Counsel filed a proof of service stating that she served Johnson with a copy of the May 26, 2020 Order by First-Class Mail. Proof of Service filed 6/19/20. Upon review of the substance of the no-merit letter, Counsel analyzed Johnson's issues and explained why each lacks merit, citing law to support her conclusion. We now independently review the merits of Johnson's claims.[8]

First, we note that it is difficult to decipher exactly which decision of the Board Johnson is attempting to appeal as his petition references several determinations, and Johnson attaches numerous documents from the Board to his petition. However, Johnson did not file his petition with this Court until December 3, 2019, meaning that his appeal would only be timely from the Board's October 7, 2019 decision dismissing his second request for administrative relief as unauthorized, and would not be timely from the Board's May 31, 2019 decision denying him credit for time spent at liberty on parole. *See* Pa.R.A.P. 1512(a)(1) (petition for review shall be filed within 30 days after entry of the order). As indicated above, the Board resent its October 7, 2019 decision (dismissing Johnson's second request for administrative relief) to Johnson with an official mailing date, for appeal purposes, of November 4, 2019. C.R. at 109-10. The Board's regulations specifically provide that "[s]econd or subsequent petitions for administrative review . . . will not be received." 37 Pa. Code § 73.1(b)(3). Accordingly, Johnson's petition for review of the October 7, 2019 decision lacks merit.

---

[8] Johnson did not obtain new counsel or file a brief on his own behalf.

7

Even if Johnson had timely appealed the Board's May 31, 2019 decision to deny him credit against his maximum sentence for the time he spent at liberty on parole, we would come to the same conclusion. Section 6138(a)(1)-(2) of the Prisons and Parole Code provides that if the Board orders a parolee to be recommitted as a CPV, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted" and "shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(1)-(2). However, the Board may, in its discretion, award credit to a CPV for time spent at liberty on parole, unless the offender is convicted of certain violent offenses not applicable in this case. 61 Pa.C.S. § 6138(a)(2.1).

Here, the Board decided not to award Johnson credit for time spent at liberty on parole, providing the following explanation: "new conviction same/similar to original offense." C.R. at 95. This is a sufficient reason for denying Johnson credit for street time. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474-75 n.12 (Pa. 2017) (providing that the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole and even a single-sentence explanation is likely sufficient in most instances); *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391 (Pa. Cmwlth. 2019) (holding that Board's decision stating credit for time spent at liberty on parole was denied because new conviction was the "same/similar to the original offense" and parole resulted in an "early failure" after only eight months provided sufficient reason pursuant to *Pittman*); *Williams v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1243 C.D. 2018, filed Aug. 21, 2019), slip. op. at 6, 2019 WL 3943982 (holding that "new conviction same/similar to original offense" is a sufficient reason for denying street time pursuant to *Pittman* where the facts of record support the reason showing that the

8

Board performed an individual assessment rather than simply restating facts).[9] Here, Johnson was initially convicted of the manufacture, sale, delivery, or possession with intent to manufacture or deliver a controlled substance. C.R. at 1-2. While on parole, Johnson was arrested and subsequently pleaded guilty to the same crime, both violations of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(a)(30). C.R. at 1-2, 60. The Board's reason reflects the record in this case and shows that it performed an assessment of the facts surrounding Johnson's parole revocation. Therefore, Johnson's argument that the Board erred by refusing to grant him credit for street time when recalculating his maximum sentence date lacks merit.

Accordingly, we grant Counsel's Application and affirm the Board's October 7, 2019 order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Pursuant to Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court may be cited for its persuasive value.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tobias Johnson,                          :
               Petitioner          :
                                 :
          v.                          :
                                 :
Pennsylvania Board of                    :
Probation and Parole,                    :   No. 1702 C.D. 2019
               Respondent          :

O R D E R

AND NOW, this 27th day of October, 2020, the Application for Leave to Withdraw Appearance filed by Susan Ritz Harper, Esquire, is GRANTED, and the October 7, 2019 order of the Pennsylvania Board of Probation and Parole, with mailing date November 4, 2019, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge