# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jalil Ellman, : 
                Petitioner : 
                 : No. 630 C.D. 2024
      v. : 
                 : Submitted: September 9, 2025
Pennsylvania Parole Board, : 
                Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                         **FILED:  March 6, 2026**

Jalil Ellman (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed April 30, 2024, denying his request for administrative relief. Additionally, Robert M. Varano, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner*[1] and an application to withdraw asserting that this appeal lacks merit. After careful review, we grant Counsel's application to withdraw and affirm the Board.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

On February 23, 2022, Petitioner was released on parole with a maximum date of July 30, 2024, and 888 days remaining on his original sentence.[3] However, Petitioner was declared delinquent as of September 28, 2022. *See* Bd. Action, 9/29/22.

On January 24, 2023, the Department of Corrections lodged a detainer against Petitioner, and a day later he was arrested on new drug charges of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver.[4] Petitioner did not post bail, and on October 19, 2023, he was sentenced to 28 months to 7 years of incarceration.

Meanwhile, on August 7, 2023, the Board recommitted Petitioner as a convicted parole violator to serve 24 months, and as a technical parole violator to serve 6 months, concurrently.[5] *See* Bd. Action, mailed 8/7/23. Then, on November 29, 2023, after Petitioner was sentenced, the Board denied Petitioner credit for time spent at liberty on parole. *See* Bd. Action, mailed 11/29/23. Petitioner was given credit for one day from January 24, 2023, to January 25, 2023, when he was solely held on the Department of Correction's detainer. *See* Order to Recommit, 11/28/23. The Board recalculated Petitioner's maximum sentence date to be March 24, 2026. *See* Bd. Action, mailed 11/29/23. Petitioner timely sought administrative relief from

---

[2] Unless otherwise stated, we base the background on the Board's response to Petitioner's correspondence seeking administrative relief, mailed April 30, 2024. *See* Resp. to Correspondence, 4/30/24, at 1-3.

[3] Relevantly, Petitioner was previously convicted of the drug charges of Manufacture, Sale, Delivery, or Possession with Intent. *See* Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(30).

[4] *See* Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(30).

[5] Petitioner waived his right to a revocation hearing. *See* Waiver of Panel Hr'g, 7/7/23. Revocation Hr'g Report, 7/26/23.

both the August and November Board Actions. *See* Correspondence Received, 8/17/23;[6] Correspondence Received, 12/29/23.

On April 30, 2024, the Board affirmed the August and November decisions, offering three reasons in support. First, Petitioner was denied credit for time spent at liberty on parole because his new offense was the same or similar to his original offense, Petitioner had absconded from supervision while on parole, and he had continued to demonstrate unresolved drug and alcohol issues. The Board noted, for example, that Petitioner had provided urine samples that tested positive for THC on May 26, 2022, and June 17, 2022. Second, the Board's decision to recommit Petitioner to serve 24 months was within the presumptive range of the new drug offenses, as the range is 18-24 months. *See* 37 Pa. Code §§ 75.1-75.2. Third, Petitioner was not entitled to pre-sentence credit from January 25, 2023, through October 19, 2023, because he was not held solely on the Board's warrant. Therefore, the appropriate one day's credit to the time remaining on Petitioner's old sentence, 888 days, yielded 887 days remaining on his original sentence. Adding 887 days to October 19, 2023, when Petitioner was sentenced, yielded a new maximum sentence date of March 24, 2026. The Board noted that any credit that had not been credited to Petitioner's old sentence would be applied to his new sentence.

Petitioner's former counsel filed a petition for review on behalf of Petitioner, arguing that the Board erred in recalculating Petitioner's maximum date by denying liberty credit based on reasons not supported by the record made at the revocation hearing or not made contemporaneous with the decision to recommit. *See* Pet. for Rev., 5/20/24. Thereafter, Petitioner's former counsel filed an application

---

[6] Petitioner deposited his appeal in the mail on August 17, 2023. *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014) (a prisoner's *pro se* filing is deemed filed when given to prison officials or deposited in the prison mailbox).

to withdraw, which this Court granted because Petitioner was transferred and no longer incarcerated in the county served by former counsel's public defender's office. *See* Appl. to Withdraw, 8/1/24; Cmwlth. Ct. Order Granting Appl. to Withdraw, 8/6/24.

On November 6, 2024, Counsel entered his appearance for Petitioner. However, Counsel filed an application to withdraw as counsel and a *Turner* letter, asserting that Petitioner's issues lacked merit.

## II. APPLICATION TO WITHDRAW[7]

We first consider whether Counsel's letter and application to withdraw comply with the *Turner*/*Finley* requirements. A *Turner* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928, stating that counsel's letter must detail "the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless").

---

[7] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988)) (cleaned up).

4

Further, before any request to withdraw may be considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, and (3) provide the client with a statement advising the client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See Zerby*, 964 A.2d at 960; *White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *See Zerby*, 964 A.2d at 960. If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *See id.*

Instantly, upon review, Counsel has satisfied these requirements. *See id.* Counsel has identified the issue raised by Petitioner in his appeal. *See* Counsel's *Turner* Letter. After conducting a review of the certified record and conversing with Petitioner, Counsel concluded that Petitioner's claims lack merit. *See id.* Counsel's *Turner* letter outlines the issue raised by Petitioner, provides justifications for the Board's denial of credit for time Petitioner spent at liberty on parole, and the Board's recalculation of Petitioner's maximum sentence date. *See id.* Counsel has also served Petitioner with the application to withdraw and *Turner* letter. *See id.*, Proof of Serv.; Appl. to Withdraw, Proof of Serv. Further, Counsel represents that he advised Petitioner of the right to retain new counsel or raise any points that he might deem worthy of consideration.[8] The record reflects that Petitioner did not retain new

---

[8] This Court has often accepted such averments from counsel as satisfactory. *See, e.g.*, *Moy v. Pa. Parole Bd.* (Pa. Cmwlth. No. 359 C.D. 2023, filed Sept. 18, 2024) (accepting counsel's bald averment that he had informed the petitioner of his rights); *Mills v. Pa. Parole Bd.* (Pa. Cmwlth. No. 255 C.D. 2023, filed April 10, 2024) (accepting counsel's averment detailing when and how counsel advised petitioner of his rights); *but see Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026 (Dumas, J., dissenting) (advocating for consistent enforcement of the technical requirements identified in *Zerby*).

counsel or file a *pro se* response. Accordingly, we review the merits of Petitioner's appeal.

### III. DISCUSSION[9]

Counsel's *Turner/Finley* letter raises one issue. Petitioner asserts that the Board erred in recalculating his parole violation maximum date by denying him credit for reasons that were either unsupported by the record developed at the revocation hearing or not made contemporaneously with the decision to recommit.

The Board has the discretion to award credit for time spent at liberty on parole but is not required to do so, provided it articulates the basis for its decision. *See Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473-75 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(2.1)(i)-(ii).

Here, the Board indicated that it did not grant Petitioner credit for three reasons: first, because Petitioner had been convicted of a new crime that was the same or similar to his original offense; second, because Petitioner absconded while on parole; and third, because Petitioner continued to demonstrate unresolved drug and alcohol issues. *See* Revocation Hr'g Report, 7/26/23. The Board also noted that Petitioner had made threats to field supervision staff. *See id.*

This reasoning is sufficient to deny Petitioner credit for time spent at liberty on parole and is supported by the record. *See Pittman*, 159 A.3d at 474-75. Accordingly, the Board did not err or abuse its discretion, and this issue is without merit. *See Fisher*, 62 A.3d at 1075 n.1; *Zerby*, 964 A.2d at 960.

---

[9] Our review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether the exercise of its discretion violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

## IV. CONCLUSION

Counsel has fulfilled the requirements of *Turner*/*Finley*, and our independent review of the record confirms that Petitioner's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jalil Ellman,                                  :
            Petitioner      :
                                    :      No. 630 C.D. 2024
            v.                  :
                                      :
Pennsylvania Parole Board,          :
            Respondent     :

## **O R D E R**

AND NOW, this 6th day of March, 2026, the Application to Withdraw, filed by appointed counsel, Robert M. Varano, Esq., on December 9, 2024, is GRANTED, and the order of the Pennsylvania Parole Board, mailed April 30, 2024, is AFFIRMED.

 

                                                        **LORI A. DUMAS, Judge**